## Albert H. Russell v. Nathan S. Myers.

*Sale of standing timber: Real estate: Trespass.* The sale of standing timber is a sale of an interest in real estate; and a subsequent purchaser by warranty deed of the land with notice of such sale cannot maintain trespass against the prior purchaser of the timber for cutting and removing the timber.

*Bona fide purchaser: Prior unrecorded sale of timber.* A bona fide purchaser however, without notice, would be protected against a prior unrecorded sale of the timber, the same as against any other unrecorded instrument.

*Treble damages: Trespass to lands: Probable cause.* Treble damages for trespass to lands is not allowable under our statute where the trespasser has probable cause for supposing he has title himself, or that he has authority to do the act complained of from the real owner.

*Declaration: Verdict: Application: Amendment: Treble damages.* Where under a declaration containing two counts, one for willful trespass to lands such as to subject the trespasser to treble damages under the statute, and the other for a common-law trespass, a general verdict for damages has been given, it is error for the court to amend the verdict, and to apply it to the more grievous charge, and then to treble the damages, where there was evidence given of exculpatory facts which was submitted to the jury.

*Heard October 21. Decided October 26.*

Error to Lenawee Circuit.

*Stacy & Underwood* and *Walker & Weaver*, for plaintiff in error.

*George L. Bachman* and *A. L. Millard*, for defendant in error.

CAMPBELL, J :

Myers sued Russell, claiming to hold him liable for a trespass to lands, committed willfully, and subjecting the trespasser under the statute to treble damages. The declaration contained a count for the statutory grievance, and one for common-law trespass.

The facts showed that Russell conveyed the premises in question to Myers by warranty deed, but that not long previously he had sold three acres of timber to one Kuney, to be taken away within two years. The jury by their verdict found that Myers had no notice of this sale. Kuney, after having been forbidden by Myers to cut trees, was advised by Russell to do so, and for the trespass committed under this advice or direction the present action was brought.

There can be no doubt that Kuney's interest was one which, if Myers had notice of it, would have been a complete answer to the action. It was a sale of an interest in real estate.—*Johnson v. Moore, 28 Mich., 3.* This was held by the court below, and the jury were charged on this theory. But we think the case does not differ from any other where a *bona fide* purchaser buys without notice of an unrecorded instrument, and that Myers was not bound without such notice.

The important question is, not whether a trespass was committed, but whether there was a liability to treble damages. The statute does not give such damages where the trespasser has "probable cause" for supposing that he has title himself. In this case, if Russell had probable cause for believing that Kuney had a right as against Myers to cut the trees, there could be no treble damages, as the plain intent of the statute is to protect those, whether themselves

claiming to be owners or not, who act in the well founded belief that the thing complained of is authorized by the real owner.

In the present case the question of notice, as well as some other points bearing on the question of title, was fairly enough left to the jury. But the testimony disclosed a conflict of evidence upon these and upon a considerable variety of circumstances which could not be and were not laid separately or specifically before the jury as distinct issues, and yet which the defendant below might fairly claim were very material in determining whether he had acted in bad faith. He asked a charge in the following language: "Unless the jury find that Kuney and Russell, in cutting the trees, did so without probable cause to believe that the trees were Kuney's, and that he had the right to cut them, they cannot find him guilty under the statute."

This was refused, and we think wrongfully. It presented to the jury the precise issue contemplated by the statute, and no charge could be complete without it, if there was any testimony tending to show that defense. We find nothing in the record to indicate that it was refused because already given, and there is nothing in the other rulings which presents the same proposition in its completeness. By this refusal the defendant was cut off from his right to have the main ground of his defense distinctly passed upon.

The jury found a verdict for damages, and did not indicate on which count they gave it. The testimony was admissible under either. If there was probable cause, the verdict could only have been for a common-law trespass. The charge, although not presenting the case on the broad issue just referred to, did authorize them to inquire concerning some exculpatory facts. The jury were not instructed to find a verdict referring to a particular count, or to declare in any other way whether they believed the trespass willful and groundless, or committed in good faith. And the intent was part of the issue. Under these circumstances the court made an order amending the verdict, and declaring

that no testimony had been introduced under the common-law count, but that all such testimony had been excluded, and applying the verdict to the first count only. On this the damages were trebled.

But the bill of exceptions negatives this entirely. Testimony of notice would, if believed, have shown that there was no trespass at all. But if the defendant believed, on reasonable grounds, though erroneously, that Myers had notice of Kuney's interest, that would not have disproved the trespass, but it would have controverted any statutory trespass, and confined the recovery to single damages. And so it would have been if any other reasonable grounds of belief were established, whereby Russell had been induced to rely on Kuney's rights. If there was any thing which could have been urged to the jury to exculpate the defendant from the statutory liability, it was for them, and not for the court to pass upon its weight. The court should have given them explicit directions not to consider the second count, or it should have been called to their attention in some way, before the court could properly amend their verdict as it was done here. Where several counts in a declaration refer to matters distinguishable, an application of the verdict to a particular count can sometimes be made without confusion or difficulty. But in this case the trespass charged was as much within the second count as within the first. It was no less a common-law trespass for being aggravated and statutory. The transactions covered by the two counts were identical. If there was no proof of the second, there was no proof of the first count. The disclaimer of any damages, except in case the trespass should be established under the statute, if made, does not appear to have been so brought to the minds of the jury that their verdict can be confined to one count more than to the other.

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.