# Garnett Smelting & Development Co. v. Watts *et al.*

## *Bill in Equity for Partition.*

1. *Bill in equity for partition; respective interest of co-tenants should be shown with certainty.*—Where a bill is filed by tenants in common against a co-tenant, seeking to have the property owned in common sold for partition and division among the joint owners, the respective interests of the parties to such suit in the property involved must be clearly and definitely shown; and if the bill does not show such respective interests, it is wanting in equity.

2. *Dower; right thereto lost as against respondent's alienee if not asserted within three years.*—If a widow does not, within three years after the death of her husband, take steps to have her dower interest in her deceased husband's estate set apart, her right to dower thereby becomes barred under the provisions of the statute, (Code, § 1528), as against an alienee of her deceased husband, or one claiming under such alienee.

3. *Husband and wife; widow has no dower interest in timber growing upon lands of husband's estate.*—The only interest which

29

a widow has in timber growing upon the lands formerly owned by her deceased husband, by right of her dower interest in such estate, is the right to use the trees growing upon said land for such purposes as is necessary to the proper enjoyment of her life estate in the land, as for instance, for house, fire or fence purpose; and she has no dower interest in the"saw timber" standing upon said lands separate and distinct from the land itself.

4. *Equity pleading; all joint complainants must be entitled to relief.*—Where a bill in equity is filed by several parties as joint complainants, all of the parties complainant must be entitled to the relief prayed for, or no relief can be granted.

APPEAL from the County Court of Clay, in Equity.

Heard before the Hon. M. N. MANNING.

The bill in this case, as amended, was filed by the appellees, J. H. Watts, T. N. Watts and M. E. Watts, against the appellant, the Garnett Smelting & Development Company, a corporation. In the bill as amended, it was averred that the complainants and the defendant were joint owners or tenants in common of "all the saw timber on section 27, township 19, range 7," and that the complainants and the defendant had an undivided interest in said saw timber, which was very valuable. The fourth and fifth sections of the bill, as amended, were as follows:

"Section four. Orators further show unto your honor that oratrix, M. E. Watts, owns and holds a dower interest in said saw timber on said land, as the widow of Hollinsworth Watts, deceased, the said Hollinsworth Watts having been seized and possessed of a fee simple title to said section twenty-seven, township nineteen, range seven, in Clay county, Alabama, and she did not assign or convey her interest in said land during her coverture with the said Hollinsworth Watts, now deceased, and not having sold, assigned or conveyed her interest in said saw timber on said land since his death, and orators further aver that said dower interest in said saw timber on said land consists of a life estate in said saw timber of one-third part thereof during the life of the said M. E. Watts. Your orators further aver that, subject to said dower interest of said M. E. Watts, in

said saw timber, your orators, J. H. Watts and T. N. Watts, each own an undivided 17-216 interest in said saw timber on said land, and subject to said dower interest of M. E. Watts. Respondent, the Garnett Smelting & Development Company, a body corporate, owns and possesses an undivided 182-216 interest in said saw timber on said land.

"Section Five. Orators further aver that they and all of said respondents derive title to said saw timber from Hollinsworth Watts, deceased, who died in the month of August, 1885, seized and possessed of all of said section twenty-seven, township nineteen, range seven, in Clay county, Alabama. That said Hollinsworth Watts' title and possession of said land at the time of his death was subject to a mortgage on an undivided two-thirds interest in said section of land executed by him prior to that time to Merritt Street; said mortgage conveying to him an undivided two-thirds interest in said land was executed by said Hollinsworth Watts alone, his wife, M. E. Watts, one of your oratrix, did not join in the execution of said mortgage and did not relinquish her right of dower in said two-thirds interest in said land. Your orators further show unto your honor that the heirs at law of said Hollinsworth Watts, deceased, at the time of his death, were as follows, to-wit: M. E. Watts, his widow, and his children, sons and daughters, as follows, viz.: Silas J. Watts, Melvina Hutton, Martha E. Arnold, Nancy J. Pettus, May Pettus, Julia McCain, Caroline Watts, and Thomas N. Watts, and J. H. Watts, your orators. Orators further show unto your honor that Merritt Street and his executor, J. C. Street, foreclosed his said mortgage on said two-thirds interest in said land in the chancery court of Clay county, and obtained the register in chancery's deed to all the interest conveyed to him in said mortgage by said Hollinsworth Watts, subject to the dower interest of oratrix, M. E. Watts, on or about the —— day of ————, 189—, and they further show unto your honor that your orators held possession of all of said land for themselves and the other heirs at law of Hollinsworth Watts, deceased, up to and until about —— day of ————, 1896, at which time orators

and the other heirs at law of Hollinsworth Watts and
J. C. Street, as executor of the last will and testament
of Merritt Street, deceased, bargained, sold and convey-
ed said land to one R. L. Ivey at and for the sum of $5,-
300, of which said sum your orators and the other heirs
at law of Hollinsworth Watts, deceased, who had not
prior to that time sold and conveyed their interest there-
in, received the sum of $1,600 and that said J. C. Street
as such executor of the estate of Merritt Street, deceased,
received the sum of $2,700, and that your orators and the
other heirs at law of said Hollinsworth Watts, deceased,
and J. C. Street as such executor executed deed of con-
veyance conveying said land to R. L. Ivey.   Your orators
reserving for themselves all the saw timber on said land
in said deed of conveyance.   Orators further show unto
your honor that prior to said sale and conveyance to R.
L. Ivey that your orator, J. H. Watts, had purchased
and received a conveyance from Mrs. M. E. Arnold and
her husband to all of her one-ninth interest in said sec-
tion of land as an heir at law of the estate of Hollins-
worth Watts, deceased, and that at the time of said sale
and conveyance to said R. L. Ivey the said M. E. Arnold
had no interest whatever in said land, and that your ora-
tor J. H. Watts owned and was in the possession of all
her claim thereto; and that prior to said sale to R. L.
Ivey your orator T. N. Watts had purchased and receiv-
ed conveyance to and was in possession of all the one-
ninth interest in the interest owned by the heirs at law
of Hollinsworth Watts, deceased, of Mary Pettus and
her husband, she being a daughter of 'Hollinsworth
Watts, deceased, and at the time of such conveyance to
R. L. Ivey, Mary Pettus held and owned no interest what-
ever in said lands and that prior to sale and conveyance
to R. L. Ivey, Silas J. Watts had bargained, sold and
conveyed all his undivided one-ninth interest in said
lands as a son and heir at law of Hollinsworth Watts,
deceased, to your orators and the others heirs at law of
Hollinsworth Watts, deceased, thus showing unto your
honor that at the time of said sale and conveyance to R.
L. Ivey your orators J. H. Watts and T. N. Watts each

owned 17-72 part of the interest in said land owned and possessed by Hollinsworth Watts at the time of his death, they each being children of said Hollinsworth Watts, deceased. Orators further show unto your honor that in their said deed of conveyance of these lands to said R. L. Ivey that they each reserved for themselves all the saw timber on said lands and the rights and privileges to work and use the same, copies of said deeds are hereto attached and made a part hereof and marked exhibits 'A' and 'B' and the usual leaves of reference thereto is hereby prayed; and that since said conveyance to R. L. Ivey he has conveyed said land to the Clay County Gold Mining Company, and the said Clay County Gold Mining Company has, by its deed of conveyance, conveyed them to respondent, the Garnett Smelting & Development Company, a body corporate."

It was then averred in the bill as amended, that the saw timber on said land could not be equitably divided or partitioned between the complainants and the defendant without a sale thereof, and that it would be to the interest of all of said tenants in common of the saw timber on said lands, to have the same sold for the purpose of division and partition among themselves.

The prayer of the amended bill was that it be decreed that the saw timber upon said lands could not be equitably divided between the parties to said bill and that a sale thereof be made and that the proceeds of said sale be distributed among the said tenants in common in proportion to their respective ownership of interest in said saw timber.

The respondent moved the court to dismiss the bill for the want of equity, and also demurred to the bill upon the following grounds: 1. It appears from the allegations of fact contained in said amended bill, that there are more interests outstanding than together constitute the whole. 2. The interests of the joint complainants are not the same, and if entitled to relief, the relief of M. E. Watts is different from any other complainant. 3. Complainant M. E. Watts, according to the allegations of fact contained in the bill as amended, owns a dower interest only, not yet set aside or allotted and has no

right to maintain this bill. 4. It appears from the allegations of fact contained in the bill as to outstanding life estates, this court has no jurisdiction to sell for division in this case. 5. The bill alleges generally, that M. E. Watts owns a dower interest consisting of an estate for life in an undivided one-third (1-3) interest, whereas, it appears from the allegations of specific facts contained in said bill that as to the two-thirds (2-3) interest of said Hollinsworth Watts, which was mortgaged to Merritt' Street, said M. E. Watts has no dower interest. 6. The general allegations of fact concerning the respective interests of the parties in and to said saw timber, is not borne out by the more particular allegations of fact contained in the bill as now amended. 7. It appears that said M. E. Watts, by failure to assert her right to dower within three years after the death of said Hollinsworth Watts, lost such dower interest in the undivided two-thirds interest which Hollinsworth Watts mortgaged to Merritt Street. 8. It appears from the allegations of the bill that the dower interest of M. E. Watts has never been set aside or allotted to her. 9. It affirmatively appears that this saw timber is not held by joint owners or tenants in common.

Upon the submission of the cause upon the motion to dismiss the bill for the want of equity and the demurrer, the judge of the county court, sitting as chancellor, rendered a decree overruling both the motion to dismiss the bill and the demurrer. From this decree the respondent appeals, and assigns the rendition thereof as error.

WHITSON & DRYER, for appellant.—A bill which does not show the respective interests of the parties is wanting in equity, and this from necessity; because, upon the bill being taken as confessed, the court must have before it sufficient information upon which to base a decree ordering the sale and adjudicating the respective interests of the parties in the proceeds thereof.—*Hillens v. Brinsfield,* 108 Ala. 614.

Until dower is assigned to the widow, she has no estate in the lands of her deceased husband.—10 Am. & Eng. Ency. Law (2d ed.) 146-147; *Weaver v. Crenshaw,*

6 Ala. 873; *Lytle v. Sandefur,* 93 Ala. 396; *Turnipseed v. Fitzpatrick,* 75 Ala. 297; *Barber v. Williams,* 74 Ala. 331; *Saltmarsh v. Smith,* 32 Ala. 404; *Cook v. Webb,* 18 Ala. 810; *Smith v. Smith,* 13 Ala. 329.

Again, the bill is fatally defective in that it seeks to sever the saw timber from the freehold and sell said saw timber so separated without selling the land in its entirety. There is no authority of law for such procedure.

A sale of less than the entire interest would not only fail to comply with the terms of the statute authorizing the sale of "the property," but would be splitting an entire cause of action.—*Wilkinson v. Stewart,* 74 Ala. 198; *Hall v. Caperton,* 87 Ala. 285; *West v. West,* 90 Ala. 458; *Inman v. Prout,* 90 Ala. 362; Kleber's Void Jud. & Ex. Sales, § 250 and § 349, and authorities there cited; *Gore v. Dickinson,* 98 Ala. 363.

The jurisdiction of a court of equity to sell for division is statutory; the right did not exist at common law. *Brown v. Hunter,* 121 Ala. 210; *Kelly v. Deegan,* 111 Ala. 152; *Sellers v. Friedman,* 100 Ala. 499.

If the widow alone could not maintain such bill, it cannot be maintained by the other two complainants jointly with her. All the complainants must obtain relief or recover in equity, or none can.—*Richter v. Noll,* 128 Ala. 198.

If the widow, M. E. Watts, was not a "joint owner" or "tenant in common" of the property, she could not maintain such bill; the jurisdiction of the chancery being statutory and extending only to parties coming within such definition.—Code of 1896, § 3178.

No counsel marked as appearing for appellees.

DOWDELL, J.—The purpose of the bill is for a sale of all "saw timber" on the land described for partition and division among alleged joint owners. Demurrers were interposed to the bill as amended, and also, a motion was made to dismiss the same for want of equity. From the decree of the court overruling the demurrers and motion this appeal is prosecuted.

The bill as amended is uncertain and defective in its averments as to the respective interests of the parties. In the fourth paragraph of the bill it is alleged that two of the complainants, J. H. Watts and T. N. Watts, each own an undivided 17-216 interest in the saw timber, but subject to a dower interest of the complainant, Mrs. M. E. Watts, and that the respondent owns 182-216 interest, but whether or not subject to any claim of dower it is not averred.

From the averments of the fifth paragraph, wherein the pleader undertakes to show how complainants and respondent, respectively, deraigned title, it cannot be told what is the interest of each. There is an attempted assertion of claim of dower to the 2-3 interest which was mortgaged by Hollinsworth Watts, the husband and ancestor, during his life, to Merritt Street, which mortgage was foreclosed in chancery some time prior to 1896; the said Hollinsworth Watts having died in 1885. It does not appear that any steps were ever taken by the widow within the three years after her dower right became consummate by the death of her husband, to have dower set apart, and failing to do this, the right of dower as to such 2-3 interest was lost.—Code of 1896, § 1528. But in section 4 of the bill it is alleged that the said dower interest is a life estate consisting of one-third part of said saw timber. The court cannot tell from the averments of the bill, if confessed, the extent of such dower interest, and could not render a decree ascertaining the extent of it, without testimony. In respect to the interest of J. H. Watts and T. N. Watts, it is averred in section 4 that they each own an undivided 17-216 interest subject to 1-3 dower interest for the life of the widow in the whole; and in the conclusion of section 5, they are each alleged to have owned at the time of the conveyance to R. L. Ivey 17-72 part, and the exhibit giving a copy of the deed to Ivey shows that J. H. Watts and T. N. Watts, reserve all their interests in the saw timber on the land conveyed by said deed, which under the averments of the bill may have been 17-72 or 17-216 each. It thus does not appear that the respective interests of the par-

ties to the suit are in the saw timber. The bill was subject to the demurrer directed to these defects.

The vital question goes to the right of Mrs. M. E. Watts to maintain the bill. The subject matter sought to be sold for a division is the "saw timber" on certain described land. The alleged title and interest of Mrs. Watts, is the claim by right of dower. The bill shows that Mrs. M. E. Watts by deed conveyed her life estate in the land to R. L. Ivey, but with the "reservation" or perhaps, more properly speaking with the *exception*, of her interest in the "saw timber" on the land. The only interest Mrs. Watts had by right of her dower estate in the land, in the timber growing on the same, was such as was useful and necessary to the proper enjoyment of her life estate in the land. As such life tenant, her right to use the timber growing on the land was for house, fire, or fence *bote* and the like, beyond this any cutting or destruction of the timber by her would have constituted waste and for which she could have been enjoined by the reversioner or remainderman.—*Alexander v. Fisher*, 7 Ala. 514. Before she conveyed her life or dower estate in the land to Ivey, she had no interest in the timber of the land severable from her life estate in the land. She had no right to sell the "saw timber" from the land as such life tenant. Nor could she cut said "saw timber" otherwise than for proper and reasonable uses in the enjoyment of her life estate, such as those mentioned above. The "reservation" in her deed to Ivey of the "saw timber" on the land conveyed, reserved to her nothing as against the reversioner. Through Ivey the respondent derived its title to the land. The averments of the bill show that the fee in the land described was vested in the defendant with the "reservation" in the conveyances of Mrs. M. E. Watts, J. H. Watts, and T. N. Watts of their interest in the "saw timber" in the land described. As stated above, the "reservation" in the deed of Mrs. Watts of the "saw timber" reserved to her nothing. It is evident, that she could not, if suing alone, maintain the bill. It is a well settled rule that all the complainants must recover or none can.—*Richter v. Noll*, 128 Ala. 198.

The decree overruling the demurrer will be reversed and a decree will be here rendered sustaining the demurrer, and the cause remanded with leave to the complainants to amend their bill.

Reversed, rendered and remanded.