# C. W. Zimmerman Mnfg. Co., v. Daffin.

*Trover and Trespass.*

(Decided Dec. 18, 1906.—4t So. Rep. 858.)

1. *Logs and Logging; Sale of Standing Timber; Right to Remove.*—
    Where the owner of land executes a conveyance to all the timber of a certain size, the legal title to the timber is in the grantee, and he may remove it after the time limit fixed in

[C. W. Zimmerman Mnfg. Co. v. Daffin.]

the conveyance, in this case two years, but for so doing, he is liable to the grantor in an action for trespass quare clausum for such actual damages as is sustained to the possession.

2. *Life Estate; Action by Life Tenant.*—While a life tenant may maintain trespass quare clausum for damages to his possession, he cannot maintain trover for the conversion of trees growing on the land, nor trespass de bonis asportavis for the taking of them.

3. *Trespass; Damages; Nominal Damages.*—The grantee in a conveyance owning the standing timber on the land, who removed the timber after the expiration of the time limit fixed by the conveyance for such removal, but in removing the timber did no appreciable damage to the soil or to the possession, is not liable for more tuan nominal damages in trespass quare clausum.

APPEAL from Clarke Circuit Court.

Heard before Hon. S. H. SPROTT.

Action by William W. Daffin against the C. W. Zimmerman Manufacturing Company. From a judgment in favor of plaintiff, defendant appeals. Reversed and remanded.

The following charges were refused to defendant:

Charge 1: "The court charges the jury that under the deed introduced in evidence the title to the timber has never reverted to the plaintiff."

Charge 5: "The court charges the jury that, if they believe the evidence, they must find for the defendant as to count 1."

Charge 6: "The court charges the jury that under the evidence the plaintiff can only recover for the injury to the land and to the timber under 12 inches in diameter."

WILSON & ALDRIDGE, STEPHENS & LYON, R. W. STOUTZ, and GREGORY L. & H. T. SMITH, for appellant. —The only interest which a life tenant has in the timber growing upon the land is such as is useful and necessary to the proper enjoyment of the life estate in the land.—*Garnett v. Woods,* 140 Ala. 457; *Alexander v. Fisher,* 7 Ala. 154. The remaidermen may bring trespass de bonis but the life tenant has only his action quare clausum.—*Lane v. Thompson,* 43 N. H. 320; *Wood v.*

[C. W. Zimmerman Mnfg. Co. v. Daffin.]

*Griffin,* 46 N. H. 230; 18 Ency. of Law, (2nd Ed.) 450 and 453; 15 Ency. of P. & P. 519-20; Washburn on Real Property, § 303. If the entry was wrongful the law conclusively presumes that nominal damages resulted. —*Adams v. Robinson,* 65 Ala. 591; *Parker v. Mise,* 27 Ala. 483; *Trustees, etc. v. Turner,* 71 Ala. 433; *Trammel v. Chambers Co.,* 93 Ala. 389. Unless some distinction can be drawn a conveyance of standing timber which expressly limits the time within which it is to be removed and a similar conveyance in which this time is limited by implication to a reasonable time the construction of the conveyance in the present case it settled in Alabama.—*Heflin v. Bingham,* 56 Ala. 566; *Magnetic Ore Co. v. Marbury Lbr. Co.,* 104 Ala. 465; *Hoit v. Stratton Mills,* 20 Am. Rep. 119; *White v. Foster,* 102 Mass. 379; *Mee v. Benedict,* 57 N. W. 175; *Halstead v. Jessop,* 49 N. E. 822. The two interests, the soil and the timber when separated in ownership become distinct and separate and one is no less a distinct property right and a distinct interest in the land than the other.—*Rothschilds v. Bay City Lbr. Co.,* 139 Ala. 576. The title to real estate cannot be divested without writing even upon the high moral principle of an estoppel.—*Hicks v. Swift Creek Mill Co.,* 133 Ala. 411. It is thoroughly settled that the limitations of time within which the trees may be removed may be waived or extended by parol.—*Grady v. D. R. & R. Co.,* 28 N. Y. Sup. 121; *White v. Foster, supra.*

A. L. McLeod and William D. Dunn, for appellee.— If the defendant is liable in conversion, it is liable as a willful trespasser for the highest value proved.—*White v. Yawkey,* 108 Ala. 270; 106 U. S. 432; Ency. of Law, 28, 811 C.; 28 Sou. Rep. 682.

Appellants, defendant in the court below, not having cut and removed the timber in the two years time limit forfeited its right thereto and the cutting and removal of the same by it, afterwards, was a willful trespass.—Ency. of Law, Vol. 28, 541, and authorities under note 4, p. 543; *Kellam v. McKinstry,* 69 N. Y. 265; *Drake's Cases,* 11 Allen Rep. (Mass.) 141; *Fletcher v. Livingston,* 26 N. E. Rep. (Mass.) 1001; *Perkins v.*

[C. W. Zimmerman Mnfg. Co.`v. Daffin.]

*Stockwell,* and authorities therein, 131 Mass. 529; *White v. Foster,* 102 Mass. 375, 28 Sou. Rep. 543.

DENSON, J.—The complaint contains three counts. The first is trover for the conversion of a lot of timber alleged to have been cut from certain lands described in the count. The second count is in trespass, and counts for recovery on the cutting of timber by the defendant on the lands described in the first count of the complaint. The third count is for trespass on the same lands, without any averment particularizing the acts of trespass. The controversy in the case grew out of the purchase and sale of growing pine timber on land of which Bettie Daffin was the owner at the time of the purchase and sale. On the 11th day of November, 1901, Bettie Daffin and her husband sold to the defendant (appellant) "all the pine timber, twelve inches in diameter and up," then standing and being on certain lands described in a conveyance which they on the same day executed to the defendant, and which is in the` following laguage:

"State of Alabama, Clarke County.

"Know all men by these presents, that, for and in consideration of nine hundred and sixty dollars, we do, grant, bargain, sell and convey unto the C. W. Zimmerman Mfg. Co. all the pine timber, twelve inches in diameter and up, now standing and being on the following described lands, situated in Clarke county, Alabama, to-wit: Northeast quarter of northeast quarter, south half of northeast quarter, north half of southeast quarter, section 20, west half of northwest quarter, section 21, township 8 north, range 3 east. To have and to hold to C. W. Zimmerman Mfg. Co., their successors and assigns, forever. And we covenant with the C. W. Zimmerman Mfg. Co., that we are seized in fee of the said premises, and that we will warrant and defend the same to the said C. W. Zimmerman Mfg. Co. against the lawful claims of all persons whomsoever. For the same consideration we do grant to C. W. Zimmerman Mfg. Co. free rights of way over and across any lands owned by us for all railroads, dirt roads, and log ditches, which it may desire to construct.

"The said C. W. Zimmerman & Co. is allowed two years from this date within which to cut and remove the timber herein above conveyed.

"Witness our hands and seals this the 11th day of November, 1901.

"W. W. Daffin.   (L. S.)
"Bettie Daffin.  (L. S.)"

Mrs. Daffin died, leaving surviving her several children and her husband. The husband is the sole plaintiff in this case. The timber was cut on the land after the expiration of the time limit specified in the contract, and after the death of Mrs. Daffin.

The first contention of the appellant requires us to construe the contract of sale and determine the interest of the parties in the timber. The plaintiff's contention is that the defendant (grantee in the conveyance), not having cut and removed the timber within the time limit fixed in the second paragraph of the sale contract, forfeited its title to the timber; and this contention prevailed in the trial court. The defendant's contention is that the conveyance is absolute, carrying and vesting the title to the timber in the grantee, and that the time limit for cutting and removing simply limits its right of the use of the soil for keeping and maintaining the trees or timber on it.

The precise question has never been before this court for consideration. But such contracts have been frequently considered and construed by the courts of other states, and the decisions are not by any means harmonious. In 28 Am. & Eng. Ency. Law (2d Ed.) p. 541, we find this statement in respect to such contracts: "Contracts for the sale of standing trees to be removed within a specified time has generally be construed by the courts as sales of only so many trees as the vendee might cut and remove within the time designated; the balance remaining the property of the vendor.' ' Many cases are cited in note 9 to support the statement. The note includes cases from the courts of Georgia, Maine, Massachusetts, Michigan, Minnesota, New York, Ohio, Vermont, and Winconsin. There is this further statement of the law in the Encyclopedia above quoted from:

[C. W. Zimmerman Mnfg. Co. v. Daffin.]

"Such a sale may, however, be regarded as absolute, and the agreement to remove as a covenant, in which case the timber remains the property of the purchaser, although not removed within the time provided for, and for the failure to remove the vendor may bring an action on the covenant. A wrongful taking of the timber by the vendor would in such a case constitute a conversion, for which the purchaser would have a right of action." In support of this statement the decisions of the courts of Alabama, Indiana, Michigan, and Massachusetts are cited in note 1. In addition to the cases cited in the Encyclopedia, we have found and examined many others.

To review all the cases would extend this opinion to very great length, but in reading the different cases it has been found that each of them turned upon the terms of the particular contract then under consideration. In the case of *Mengal Box Co. v. Moore & McFerrin,* a Tennessee case, reported in 87 S. W. at page 415, Judge Wilkes reviews many of the cases and announces the ruling made in each of them. The conclusion reached by Judge Wilkes in that case, that the time limit of five years fixed in the contract he was construing defeated the title of the grantee if the trees were not cut within the limit, cannot aid us here, because the peculiar terms of that contract are entirely different from those of the one we have in hand. In the case of *Hodges v. Buell,* 95 N. W. 1078, the Supreme Court of Michigan had under consideration a deed to land with this reservation in it: "First party (grantor) reserves all saw timber on said land, with right to enter upon and remove same within two years; also right to build roads across and cross said land within two years from date." After reviewing many cases, especially the Michigan cases, the court held that the title to the timber standing at the expiration of the time limit and that was cut after the time limit passed to the grantee in the conveyance. But we do not consider that case as one deciding the question we have in hand, because of the difference in the contracts, and it is referred to particularly for the reason that it is one in which the cases have been reviewed and

[C. W. Zimmerman Mnfg. Co. v. Daffin.]

in which the variant rulings are set forth. Suffice it to
say, there are cases which hold that the title under such
contracts remains in the grantee after the time limit has
passed, though without legal right on his part to enter
within the close of the grantor to take and remove the
trees.—*Holt v. Stratton Mills*, 54 N. H. 109, 20 Am.
Rep. 119; *Irons v. Webb*, 41 N. J. Law, 203, 32 Am. Rep.
193; *Bennett v. Victor Lumber Co.*, 28 Pa. Super. Ct.
495. And, on the other hand, there are cases holding
that the title of the grantee terminates with his right of
entry.—*Saltonstall v. Little*, 90 Pa. 422, 35 Am. Rep.
683; *Golden v. Glock*, 57 Wis. 118, 15 N. W. 12, 46 Am.
Rep. 32; *Boisaubin v. Reed*, 41 N. Y. 323; *MaComber v.
Detroit, Lansing, etc., R. R. Co.*, (Mich.) 66 N. W. 376,
32 L. R. A. 102, 62 Am. St. Rep. 713; *Baxter v. Mattox*,
32 S. E. 94, 106 Ga. 344; *Chester v. Green*, (Ky.) 86 S.
W. 1122; *Williams v. Flood*, 63 Mich. 487, 30 N. W. 93.

In this jurisdiction the case nearest in point is that
of *Magnetic Ore Co. v. Marbury Lumber Co.*, 104 Ala.
465, 16 South 632, 27 L. R. A. 434, 53 Am. St. Rep. 73.
A careful reading of that case would seem to lead to the
conclusion that our court is committed to the proposi-
tion that by the failure to remove the timber within the
time limit the purchaser does not, under a deed like the
one here involved, forfeit his right and title to the tim-
ber. The facts of that case, briefly stated, are: The
Louisville & Nashville Railroad Company in 1881, by
deed of conveyance regularly executed, sold and con-
veyed absolutely the "saw timber" growing on certain
lands to the Marbury Lumber Company. No time limit
was fixed in the conveyance for the cutting and removal
of the timber. In 1886 the railroad company by deed of
conveyance sold and conveyed the lands to De Barde-
leben, with this provision or reservation: "But it is un-
derstood and agreed that the timber, with right of way
to reach same, has been sold." In February, 188, De
Bardeleben conveyed the land to the Magnetic Ore Com-
pany. The contention of the ore company in that suit
with respect to the title of the lumber company to the
timber was that, "as the deed of conveyance for the 'saw
timber' did not specify any time within which the tim-
ber was to be cut and removed, the law supplies a pro-

[C. W. Zimmerman Mnfg. Co. v. Daffin.]

vision to the effect that it was to be cut and removed
within a reasonable time, and that, the lumber company
having failed to do this within a reasonable time, the
right to the saw timber was forfeited, and became the
property of the ore company. The court, in respect to
the contention, through Coleman, J., said: "There.
ought to be some cogent reasons compelling such a con-
clusion, or decisions to that effect which have estab-
lished a rule of property, before we should adopt it as
law." And in the very conclusion of the opinion the
court said: "Complainant's whole case, as we construe
the bill and brief of counsel, is rested upon the proposi-
tion that, as defendant failed to cut and remove the tim-
ber within a reasonable time, he thereby forfeited what-
ever of property interest he purchased and acquired by
the deed of conveyance from the owner, and the saw
timber, by reason of the forfeiture, became vested in the
complainant, although it was expressly reserved from
the sale to De Bardeleben in the deed to complainant
(the ore company). We do not assent to the proposi-
tion." A fair resume of the holding in the case is that,
when standing timber is sold and conveyed and no time
fixed for the removal of the timber, the purchaser has
a reasonable time within which to enter and cut the tim-
ber and remove it, and if he fails to act within a reason-
able time he thereby forfeits the right to enter the prem-
ises, and would be liable in an action quare clausum,
but would not be liable de bonis or for the conversion
of the timber.—*Holt v. Stratton Mills,* 54 N. H. 109, 29
Am. Rep. 119.

It is insisted by appellee that the case is not applica-
ble, for the reason that no time limit is expressed in the
deed involved there. But this court has held that when
there is a conveyance of land, and a reservation of
growing trees, and no time is fixed for their removal, a
reasonable time only is allowed in which the entry can
be made for the purpose of taking the trees off the land.
—*Heflin v Bingham,* 56 Ala. 566, 28 Am. Rep. 776. And
it was said by the Supreme Court of Tennessee, speak-
ing in respect to such contracts where no time limit is
fixed: Under such contracts, after the expiration of
such period, the same question would be presented as

with trees remaining after the lapse of a fixed period in contracts containing a limitation as to time. For the first class of contracts the law does for the parties what they have done for themselves in the other class."—*Carson v. Three States Lumber Co.*, (Tenn.) 91 S. W. 53. Without the last paragraph in the deed involved in this controversy, manifestly the deed would be an absolute conveyance of the title to the timber to the grantee; and it would come directly within the influence of the ruling made in the case of *Magnetic Ore Co. v. Marbury Lumber Co., supra.* The question is, then, what effect on the title has the last paragraph of the deed—the time limit? What is its field of operation?

To adopt the insistence of the appellee—plaintiff below—would give the paragraph the effect of a condition or proviso to the granting clause of the deed, and, although the grantee paid full value for the trees, yet, by its failure to cut and remove the trees within the two years a forfeiture of the title would be worked. "A deed will not be construed to create an estate on condition, unless language is used which, according to the rules of law, ex proprio vigore, imports a condition, or the intent of the grantor to make a conditional estate is otherwise clearly and unequivocally indicated. Conditions are not to be raised readily by inference or argument."—2 Devlin on Deeds, § 970; *Elyton Land Co. v. Railroad*, 100 Ala. 396, 14 South. 207; *Rawson v. Inhabitants, etc.*, 7 Allen 125, 83 Am. Dec. 670; *Hoyt v. Kimball*, 49 N. H. 322; *Thornton v. Trammell*, 39 Go. 202. It is a general principle and rule that conditions subsequent are not favored in law, and must be strictly construed, "because they tend to destroy estates, and a vigorous exaction of them is a species of summum jus, and in many cases hardly reconcilable with conscience." —4 Kent, 129; *Thornton v. Trammell, supra.* "And, if it be doubtful whether a clause in a deed imports a condition or a covenant, the latter construction will be adopted."—*Hoyt v. Kimball, supra*, and authorities there cited. In applying rules of construction, the language employed in the instrument, the circumstances under which the contract was made, and the purpose for which it was made, are to be taken into consideration.

"The operative words in the conveyance express the intention to sell and convey the standing timber as timber attached to and a part of the freehold, by which a present title was to pass, and cannot be construed into an executory agreement to sell and convey the timber when it should be thereafter severed. The deed conveyed an interest in the land, and is such as the statute of frauds requires to be in writing to the valid."—*Heflin v. Bingham,* 56 Ala. 566, 28 Am. Rep. 776; *Magnetic Ore Co. v. Marbury Lumber Co.,* 104 Ala. 465, 16 South. 632, 27 L. R. A. 434, 53 Am. St. Rep. 73; *Rothschild v. Bay City Lumber Co.,* 139 Ala. 571, 36 South. 785; *Owens v. Lewis,* 46 Ind. 489, 15 Am. Rep. 295; *Neils Lumber Co. v. Hines,* 93 Minn. 505, 101 N. W. 959; *Slocumb v. Seymour,* 36 N. J. Law, 138, 13 Am. Rep. 432. When conveyed, it was an interest in lands, and did not cease to be thereafter until severance.

If the limitation as to time of cutting and removal should be construed as a covenant on the part of the purchaser that it would cut and remove the timber in the time specified, the title to the timber would remain in the purchaser after the time limited had expired, and he could still enter upon the premises and remove the same at his pleasure, being liable to the vendor for such damages as he should cause in so doing. The vendor would also have a right of action against the vendee for a breach of the covenant in not performing the covenant as agreed; or it may be that the vendor would be entitled to remove the timber after the time limit himself, but not to appropriate it to his own use. In the case of *Walker v. Johnson,* 116 Ill. App. 145, in construing a contract similar to the one here under consideration, the Illinois court held that the time-limit clause should be treated as a covenant, and not a condition to base a forfeiture upon. On the other hand, the Supreme Court of Michigan, in the case of *Williams v. Flood,* 63 Mich. 487, 30 N. W. 93, held to the other view. But there is some difference in the terms of the contract construed by the Michigan case and the present contract. Furthermore, the Michigan court does not discuss or apply the rule of construction in respect to conditions subsequent

referred to above, and the case seems to have been determined on the doctrine ab inconvenienti.

If, in the present case, the intention of the grantors that the title to the timber should revert to them on failure of the grantee to cut and remove it within the time specified, it would have been an easy matter to have expressed it in the deed; but on the face of the instrument it is at least a question of doubt as to whether the limitation is a condition subsequent of the contract of sale or a covenant, and, following the trend of the authorities above referred to in respect to the construction to be adopted when such question is doubtful, and in the light of the ruling in the case of *Magnetic Ore Co. v. Marbury Lumber Co., supra,* we hold that the clause or paragraph in the deed in respect to the time for cutting and removing the timber is a covenant, and does not operate a forfeiture of the title on the failure of the vendee to cut and remove the timber within the time specified.—*Magnetic Ore Co. v. Marbury Lumber Co., supra; Howard v. Lincoln,* 13 Me. 22; *Goodwin v. Hubbard,* 47 Id. 595; *Knotts v. Hydrick,* 12 Rich. Lew, 314; *Halstead v. Jessup,* 150 Ind. 85, 49 N. E. 154. It follows that the court erred in declining to admit the deed as evidence at the time it was first offered, and this error was not cured by the subsequent admission of the deed by the court, because the limitation put upon the deed by the court was improper, and not in harmony with the construction here given the deed.

It also follows that charge 1, requested by the defendant, should have been given. The foregoing makes it unnecessary to consider charges 2, 3, and 4, refused to the defendant. Charge 5, refused to the defendant, is bad in form and was properly refused. Charge 6, requested by the defendant, should have been given.

Refused charges 7 and 8 involved the question of plaintiff's right to maintain the suit on any count of the complaint; he being only a life tenant. A life tenant cannot maintain trover for the conversion of trees, nor trespass de bonis for the taking of them. This results from the nature of his interest in the premises, but he may maintain trespass quare clausum fregit.—18 Am. & Eng. Ency. Law, 450, 453; 15 Ency. Pl. & Pr.

519, 520; 1 Washb. on Real Property, § 303; *Garnett Smelting Co. v. Watts*, 140 Ala. 449, 457, 37 South. 201; *Alexander v. Fisher*, 7 Ala. 514. Under the construction we have placed on the deed, the plaintiff may maintain trespass quare clausum against the grantee who enters after the time limit, and recover for such actual damages as he may sustain to his possession. But the undisputed proof in the case shows that no appreciable damage was done the soil or to plaintiff's possession; hence charge 7, which asserts that the defendant could not recover more than nominal damages, should have been given. The eighth charge precludes the plaintiff from a recovery of nominal damages, and was properly refused.

It is unnecessary to consider the oral charge of the court in respect to the measure of damages, further than to say that it is erroneous.

Reversed and remanded.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.