# Henry *v.* Etowah County.

*Statutory Action in nature of Ejectment.*

1. *Conveyance to county for "court-house purposes;" what uses are allowable.*—When a town lot, adjoining that on which the court-house is located, is conveyed to the county as a corporation, "to have and to hold so long as the said party of the second part shall use the same for court-house purposes," and with condition that it shall revert to the grantor, "whenever the said party of the second part ceases to use said lot for court-house purposes," the condition is not broken by any incidental or collateral use to which the lot may be temporarily devoted, which does not conflict with its continued use for court-house purposes; as, by the failure to inclose it entirely with a fence, allowing hitching-posts for public use to be erected on the uninclosed portion, or a temporary structure for posting bills.

APPEAL from the Circuit Court of Etowah.

Tried before the Hon. LEROY F. BOX.

This action was brought by Samuel Henry, against the county of Etowah as a corporation, to recover a town lot in Gadsden, known and described as lot No. 181; and was commenced on the 30th November, 1880. The lot was conveyed to the defendant as a corporation, by the plaintiff, by deed dated November 10th, 1871, in which his wife joined, and the material parts of which are these: "*Whereas* the party of the first part, in consideration that the party of the second part would permanently locate the court-house of said county in the town of Gadsden, and erect and build the court-house upon lot No. 192 in said town, in the plan known as the original plan of said town, they, the party of the first part, would give to the party of the second part lot No. 181 in said original plan of said town,

[Henry v. Etowah County.]

to be used by said county of Etowah as a public square for court-house purposes, so long as the said party of the second part retained the court-house for said county on said lot No. 192; but, if the party of the second part should hereafter remove the court-house from said lot, and establish the same at some other point in said county, then the said lot was to revert back, and become the property of the party of the first part : *And whereas* the party of the second part has erected the court-house on said lot No. 192, and, by order of the Court of County Commissioners, located the court-house on said lot : *Now, in consideration of the premises,* and the further consideration of one dollar to us in hand paid by the said party of the second part, we do hereby give, grant," &c., " said lot No. 181 in the original plan of the town of Gadsden ; to have and to hold so long as the party of the second part shall use the said lot No. 181 for court-house purposes, and so long as the court-house for said county is located or retained on said lot No. 192, where it is now established ; and the said party of the first part will warrant," &c.; "it being understood that said lot No. 181 is to revert back, and become the property of the party of the first part, whenever the party of the second part ceases to use said lot No. 181 for court-house purposes, or removes the court-house from the lot or place where it is now located and established. In testimony," &c.

The plaintiff sought to recover the lot, on the ground of a breach of the condition contained in the deed as to the purposes for which the lot was to be used. On all the evidence adduced, the substance of which is stated in the opinion of the court, the court charged the jury to find for the defendant, if they believed the evidence ; and this charge, to which the plaintiff excepted, is now assigned as error.

DENSON & DISQUE, and WATTS & SON, for appellant.

DUNLAP & DORTCH, *contra.*

SOMERVILLE, J.—The action is one of ejectment under the statute, instituted by the appellant, Henry, to recover a lot in the town of Gadsden, which he had conveyed by deed to Etowah county. The lot in controversy adjoins that upon which the court-house of the county is erected, and the deed recites that it is to be " used by said county of Etowah as a public square for court-house purposes," so long as the court-house remains where it then was. The conditions subsequent incorporated in the deed are, that the property shall revert back to the grantor, (1) whenever the county ceases to use the lot for court-house purposes ; and (2) whenever the court-house should be

[Henry v. Etowah County.]

removed from the adjoining lot, where it was then located and established. It is claimed that the first of these conditions has been violated, by permitting the lot to be used for other than "court-house purposes," and that a forfeiture has thereby accrued, entitling the plaintiff to recover for breach of condition subsequent.

The alleged perversions of use are chiefly three: 1st, leaving a portion of the lot uninclosed by fencing ; 2d, allowing, by acquiescence, the town authorities of Gadsden to erect two hitching-posts for use by the public upon this uninclosed portion ; 3d, the erection of a structure for posting circus-bills, or pictures, which remained for about thirty days before removal.

What is meant by the phrase "court-house purposes," within the intention of these parties, we need not attempt to define. The customs and usages of a particular State or locality might contribute largely in shaping such a definition. Some of these customs might also be matters so general, and of such common knowledge, as to be the subjects of judicial cognizance, without proof. However this may be, one point is very clear to our mind. No mere incidental and collateral use, to which the lot in question may be temporarily devoted, which does not conflict or interfere with its use by the county for court-house purposes, can be construed to be a breach of the conditions of the deed. It is not said that the lot is to devoted solely and exclusively to court-house uses. The fact that it is denominated "a public square" rather lends color of construction to the contrary view. It is a settled rule, that such conditions are generally to be construed *strictissimi juris*, against the grantor in the deed creating them. The grantor evidently intended that the primary or principal uses, to which the property should be devoted, were those to which public squares around court-houses are usually dedicated. These uses may be periodical, and not incessant. Any collateral or secondary purpose, which does not interfere with these primary uses, can not be construed to be inhibited by the terms of the deed. It might be argued, with as much force, that allowing a political or religious meeting to be held upon the grounds would be a breach of the condition. The evidence shows that the county has never at any time ceased to use the lot for "court-house purposes," unless the facts above stated can be construed into such a perversion. The court properly charged the jury, that these incidental uses, under the evidence, constituted no ground of forfeiture.

There are other reasons upon which we could base our conclusion, but these we need not discuss.

Affirmed.