# Glennon *v*. Harris.

*Assumpsit.*

(Decided Jan. 16th, 1907. 42 So. Rep. 1003.)

1. *Trusts; Liability of Trustee; Limitations.*—The exectuor of an estate agreed with a legatee under the will to pay her legacy in installments of ten dollars each per month, and thus created an express trust between them as to the fund. The executor paid two hundred dollars in such installment, and through mistake failed to pay the balance of the legacy. Held, the statute of limitations for six years did not begin to run against the claim for the balance, until after demand and refusal to pay.

2. *Same; Trust Relation of Executor to Legatee; Discharge as Executor; Legacy Unpaid.*—The final settlement by an executor of his accounts and his final discharge did not change the trust relation as between him and the legatee, as to the amount of the legacy remaining in his hands; nor did the payment by him of the amount of the legacy remaining in his hands to the residuary legatees, through a mistake, alter his trust relation to the legatee.

APPEAL from Mobile Circuit Court.

Heard before Hon SAMUEL B. BROWNE.

Action by Mary Harris against James K. Glennon. Judgment for plaintiff, and defendant appeals. Affirmed.

[Glennon v. Harris.]

GAILLARD & MAHORNER, for appellant.—The plaintiff's right to maintain a common law action for the legacy could only be supported by proof of assent to the legacy by the executor.—Sec. 344, Code 1896; *Bonner v. Young*, 68 Ala. 35; *Cox v. McKinney*, 32 Ala. 465. The demand, if it accrued at all, accrued more than eighteen months after the will was probated.—*Walker v. Johnston*, 82 Ala. 347; *Horton v. Averytt*, 20 Ala. 719; *Cox v. McKinney, supra*. The statute of limitation then began to run not later than March 26, 1896.—*Wood v. Wood*, 3 Ala. 756; *Walker v. Johnson, supra; S. A. & M. R. R. Co. v. Buford*, 106 Ala. 303; *Underhill v. Mobile F. D. I. Co.*, 67 Ala. 45. The court erred in its oral charge to the jury.—*Gerald v. Tunstall*, 109 Ala. 567; 4 Mayf. 486. Where ignorance and want of knowledge induced by fraud, silence or misrepresentation is set up as an exception to the statute of limitation it must be fully pleaded and pleadings must disclose that the party pleading same was not in fault because of ignorance or for want of proper diligence.—*James v. James*, 55 Ala. 525; *Scruggs v. Decatur*, 86 Ala. 173; *Manning v. Pippen*, 95 Ala. 538.

L. H. & E. W. FAITH, for appellee.—There was a trust relation between Glennon and Mrs. Harris and until there is a settlement of the trust or an open unmistakeable repudiation of it it cannot be regarded otherwise than as subsisting.—*McCarthy v. McCarthy*, 74 Ala. 553; *Custer v. Murray*, 5 Johnson's Chancery, 522; *Mullen v. Walton*, 39 South. 97. That this was a trust see the case of *Whetstone v. Whetstone*, 75 Ala. 495. The evidence discloses a fraud practiced upon appellee. —*Mullen v. Walton, supra; Porter v. Smith*, 65 Ala. 169; *Henry v. Allen*, 93 Ala. 197; *Tillison v. Ewing*, 87 Ala. 350.

DOWDELL, J.—The principal question and chief contention in the case, and the one on which the cause may be finally determined, is based on the plea of the statute of limitations of six years. The complaint contained the common counts, embracing the count for money had and received for plaintiff's use and benefit.

The undisputed facts show that the plaintiff, appellant here, as éxecutor of the last will and testament of Amelia Durand, deceased, received and held in his hand $300, which was left as a legacy to the plaintiff, appellee here, by said Amelia Durand under her said last will. The defendant, James K. Glennon, was nominated in said will as executor and without bond. He qualified as such executor and took possession of the assets of the estate. The plaintiff was an ignorant and illiterate colored woman and former servant in the family of testatrix. She knew that Mrs. Durand left a last will but did not know its contents. The defendant, Glennon, informed the plaintiff that the amount of the legacy left the plaintiff under the will was $200. The defendant paid plaintiff the $200 in installments of $10, for which he took receipts from plaintiff. In March, 1896, defendant made final settlement of his executorship in the probate court. The defendant testified that at the time of making final settlement of his executorship he sent for the plaintiff and informed her that he had paid her $200, all that was coming to her under the will, and that, as he had lost one of her receipts for $10, he wanted her to give him a receipt for the $200 paid, to file as his voucher on the settlement. The defendant further testified that he paid the $200 to the plaintiff in installments of $10 a month, and that he kept the legacy and paid it to the plaintiff in installments by the month at plaintiff's request. The defendant further testified that he made a mistake in informing the plaintiff that her legacy under the will was $200 instead of $300, and that under this erroneous impression of his as to the amount of the legacy, on the final settlement, he paid the remaining $100 over to the residuary legatee under the will. It is shown that the plaintiff did not learn that the legacy left her under the will was $300 until within a month or two before the commencement of this suit, when she made demand on the defendant for the balance of her legacy, the $100, and the defendant refused to pay the same.

If an express trust was created by the agreement of the defendant to retain the legacy and pay it over to the plaintiff in monthly installments of $10, then the

statute of limitations would not begin to run against the demand until there was a clear disavowal of the trust by the trustee, and such disavowal brought to the knowledge of the cestui que trust. Here there was no such disavowal, but, on the contrary, a recognition of it until the defendant had paid over to the plaintiff $200 in installments, and the failure to pay over the remaining $100 was the result of the defendant's erroneous impression, as he claims, that the legacy was $200. The defendant's erroneous impression as to the amount of the legacy could not change the trust relation between the parties. In *Taylor v. Benham,* 5 How. (U. S.) 233, 274, 12 L. Ed. 130, Mr. Justice WOODBURY, speaking for the court said: "So every person who receives money to be paid to another, or to be applied to a particular purpose, to which he does not apply it, is a trustee, and may be sued either at law, for money had and received, or in equity, as a trustee, for a breach trust." And in that case it was held that the statute of limitations did not commence to run until there was a demand and refusal to pay. On somewhat analagous facts it was held in *Coster v. Murray,* 5 Johns, Ch. (N. Y.) 522, 531, that an express trust was created, and the statute of limitations did not run. See Perry on Trusts, (5th Ed.) § 863. In *Hastie & Silver v. Aiken,* 67 Ala. 313, a sum of money which was deposited in bank to be under the management of a certain firm was held to be funds of an express trust against which the statute did not run. In *Whetstona v. Whetstone,* 75 Ala. 495, on the death of an ancestor leaving a will, of which one of his sons was executor, a final settlement was made by the executor of the estate, and he then assumed, with the consent of his sister, to receive, hold, and manage her share of the estate as her agent and trustee. It was held to be an express continuing trust, against which the statute did not run.

The appellant here assumed, with the consent of the appellee, to hold her legacy for her as her agent or trustee, and to pay it out to her in small monthly installments. The relation of the parties was not that of ordinary debtor and creditor. No interest was chargeable against the defendant until on a demand and refu-

sal to pay. The defendant in the first instance as executor occupied a fiduciary relation to the plaintiff as to the legacy, and when he agreed with the plaintiff to hold the legacy in his hands and pay it to her in monthly installments of $10, an express trust between plaintiff and defendant was thereby created as to the fund. It was, in effect and in law, the same as if the plaintiff had deposited that amount of money in the hands of the defendant, to be held and paid to her in monthly installments. The subsequent final settlement by the defendant in the probate court of his accounts as executor, and his final discharge as such executor, did not and could not in law change his trust relation as to the amount of plaintiff's legacy at the time remaining in his hands; nor did the payment by him of this amount over to the residuary legatee through a mistake alter his trust relation to the plaintiff. On the defendant's own testimony and the undisputed facts in the case, we are of opinion that the statute of limitations of six years, as a defense to the action, is without merit, and the plaintiff was entitled to have the general affirmative charge given in her favor. And, this being true, error, if any, committed by the court against the appellant in the oral charge of the court, or in the given charges for the appellee, was error without injury.

Affirmed.

TYSON, C. J., and SIMPSON and ANDERSON, JJ., concur.