(93 South. 631)
**LIBBY v. WINSTON et al.** (7 Div. 226.)

(Supreme Court of Alabama. June 8, 1922.
Rehearing Denied June 30, 1922.)

**1. Deeds ⚖149 — Rule against restraining power of alienation based on public policy.**

The essence of the rule declaring void provisions of deeds in absolute restraint of the power of alienation, where the land is granted in fee simple, is that the attempted restraint is inconsistent with the grant and contrary to public policy; the power to sell or lease being inseparable from fee simple estates.

**2. Deeds ⚖149 — Rule against restraint of power of alienation operative, though restraint is limited in time.**

The force and effect of the rule against restraining the power of alienation is not avoided by the fact that the attempted restraint of alienation is limited to a period of time.

**3. Deeds ⚖126—Conditional estates not favored.**

Though conditional estates may be created under Code 1907, § 3416, they are not favored, and the creation of such an estate by deed

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

must be unequivocal, or the instrument will be construed as creating an estate in fee simple.

## 4. Perpetuities ⟺4(4)—Rule inapplicable to conditional fees.

To grants of valid conditional fees the rule against perpetuities does not apply to defeat or to avoid the right of entry of the grantor or devisor and his heirs for breach of condition, at however remote a time the breach may occur.

## 5. Deeds ⟺126—Deed held to convey only conditional fee; "lawful representative," "legal representatives."

A deed, using the phrase in the granting clause "hath upon the conditions hereinafter mentioned" and in the grantee's covenant the words "this sale and conveyance shall hold good and valid *only* upon the compliance by the" grantee and "her lawful representatives with the following conditions," *held* to grant a condition or qualified fee only, and as such not offensive to the rule against suspending the power of alienation; the words "lawful representatives" and "legal representatives" referring to heirs, not to executors or administrators (citing Words and Phrases, First and Second Series, Lawful Representatives; Legal Representatives).

## 6. Deeds ⟺144(1) — Provisions for reverter upon breach of condition subsequent not essential to preservation of vendor's rights.

While it is usual to introduce in deeds conveying conditional fees a provision for reverter for breach of condition subsequent, such provision is not necessary to the preservation of the vendor's right to reinvestment upon a breach of the condition.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Bill by Ralph W. Libby against Kate C. Winston and others (revived against appellees) to quiet title to lands. From a decree denying relief, complainant appeals. Affirmed.

This bill was filed by appellant against John N. Winston, Sr., and seeks the "quieting" of appellant's asserted title to certain real estate under the system provided by Code, § 5443 et seq. The respondent was later represented by a guardian ad litem, and, still later, upon respondent's death, the cause was revived against his widow and heirs at law. The appellant is the sole heir at law of Mrs. Mary L. Libby, the grantee in the instrument to be presently reproduced, and claims, through the laws of descent, to own in unqualified fee the land described in the bill and in the instrument mentioned. The material features of the instrument are these:

"This indenture made the 8th day of May in the year eighteen hundred and eighty-two between John N. Winston and his wife Mrs. Kate C. Winston of the county of De Kalb and state of Alabama of the first part and Mrs. Mary L. Libby of the same county and state of the second part, Witnesseth, that the said parties of the first part for and in consideration of the sum of fifty (50) dollars to them paid before the delivery hereof *hath upon the conditions hereinafter mentioned bargained and sold* and by these presents doth grant and· convey to the said Mrs. Mary L. Libby her heir or heirs and assigns forever that certain piece or parcel of land. * * *

"And the party of the second part doth also hereby covenant and agree with the said parties of the first part that *this sale and conveyance shall hold good and valid only upon the compliance of the party of the second part · or her lawful representatives with the following conditions, namely* that she the said Mrs. Mary L. Libby or her *legal representatives* will neither destroy or injure or permit to be destroyed or injured the elm trees or either of them upon said premises; that she or her lawful representatives will in no case whatever sell or lease said premises or any part thereof to any person or persons whomsoever without the written consent or approval of the parties of the first part or their legal representative that should she the said Mrs. Mary L. Libby or her lawful representative desire at any time to sell or, lease the aforesaid premises that she or her lawful representative will give the said parties of the first part or their representative at least ninety (90) days notice written notice in case of sale and ten days written notice in case of lease of such desire for the purpose of allowing the said parties of the first part or their lawful representatives should they or either of them desire to ʼbuy or lease the said premises the privilege of buying or leasing the same and in case the parties of the first part or their lawful representatives wish to purchase the same the said Mrs. Mary L. Libby hereby agrees and binds herself *her heir or heirs and legal representative* to sell the same to the said parties of the first part or their legal representative or either of them and to receive in full payment of the same the amount of the purchase money herein mentioned fifty (50) dollars without interest together with the actual worth of the dwelling and improvements on the land their worth to be considered and determined by three disinterested men without regard to the location of said building and improvements." (Italics supplied.)

No breach of the "conditions" provided in the deed is shown to have occurred. The elm trees referred to therein were removed in consequence of natural decay. There has never been any effort to sell or to lease the land. Mrs. Libby, the grantee, died in 1913. Her husband died in 1899. The grantee and the appellant, her only heir at law, have been in possession of the land since the deed was executed in 1882. The question to be determined is whether the "conditions" restraining sale or lease and for repurchase by the grantors or their representative is void as a ·restraint on alienation of a grant in unqualified fee. The court below held that these conditions were valid.

---

Goodhue & Goodhue, of Gadsden, for appellant.

Where an estate in fee is granted by proper and sufficient words, a clause attempting to restrain alienation of the estate granted is void. 160 Ala. 273, 49 South. 676; 180 Ala. 412, 61 South. 341; 111 N. C. 519, 15 S. E. 890, 32 Am. St. Rep. 828; 8 R. C. L. 1113; 202 Ill. 41, 66 N. E. 830, 65 L. R. A. 511, 95 Am. St. Rep. 217; 74 Cal. 141, 15 Pac. 451; 170 Fed. 906, 96 C. C. A. 82, 28 L. R. A. (N. S.) 426. The exception to the invalidity of restraint on alienation of fees which applies in the case of a married woman has no application in Alabama. 170 Fed. 906, 96 C. C. A. 82, 28 L. R. A. (N. S.) 426; 21 Fla. 629, 58 Am. Rep. 692; 2 Russ. & M. 197, 208, 210; 2 Tenn. Ch. 255; 133 Mass. 175.

C. A. Wolfes, of Fort Payne, for appellees.

If it clearly appears a less estate was intended and there is a restraint upon alienation inconsistent with the nature of a fee simple, it ceases to be a fee simple and becomes subject to a condition. Code 1907, § 3396; 126 Ala. 123, 28 South. 7. The granting clause determines the interest conveyed. 203 Ala. 312, 82 South. 668; 157 Ala. 459, 47 South. 718, 19 L. R. A. (N. S.) 719. Conditions subsequent, clearly expressed, are valid and binding. 180 Ala. 128, 60 South. 273; 201 Ala. 649, 79 South. 121, L. R. A. 1918F, 353; 18 C. J. 360. Courts are enjoined to give effect to the intention and meaning of the parties, if perpetuity is not created; that lands may be conveyed for such terms as the owners think proper. Code 1907, § 3416; 180 Ala. 412, 61 South. 341; 204 Ala. 144, 85 South. 397.

McCLELLAN, J. [1, 2] The rule—stated in Hill v. Gray, 160 Ala. 273, 276, 49 South. 676, and in Graves v. Wheeler, 180 Ala. 412, 416, 61 South. 341—which pronounces void clauses in deeds or devises in absolute, not partial, restraint of the power of alienation of land conveyed or devised, is predicated of a grant or devise in fee simple. The essence of the stated rule is that the attempted restraint upon the power of alienation is inconsistent with the grant, the power to sell or lease being an inseparable incident of an estate in unqualified fee; and to allow such restraint would . offend public policy. Mandlebaum v. McDonell, 29 Mich. 78, 18 Am. Rep. 61, 73, et seq., contains a discriminative and instructive treatment of the subject. The rule's force and effect is not avoided by the fact that the attempted restraint of alienation is limited to a period of time. Christmas v. Winston, 152 N. C. 48, 67 S. E. 58, 27 L. R. A. (N. S.) 1084; 8 R. C. L. pp. 1114, 1115. The application of the rule to the instrument under consideration depends upon its character as a conveyance. If it is not a grant in fee, the rule of Hill

v. Gray, supra, is inapplicable. The conclusion upon this question turns, of course, upon the character of the grant, the instrument's construction and its effect in that aspect.

[3] In this jurisdiction the creation of conditional estates, while recognized, is not favored; and it has been held here that the creation of a conditional estate by deed or devise will not be pronounced unless the "intent of the grantor to make a conditional estate is * * * clearly and unequivocally indicated." Zimmerman v. Daffin, 149 Ala. 380, 388, 42 South. 858, 861 (9 L. R. A. [N. S.] 663, 123 Am. St. Rep. 58); Hitt Lumber Co. v. Cullman Coal Co., 200 Ala. 415, 416, 417, 76 South. 347. In all cases where it is doubtful "whether a clause in a deed imports a condition or a covenant, the latter construction will be adopted." Zimmerman v. Daffin, supra; Elyton Land Co. v. R. R. Co., 100 Ala. 396, 405, 406, 14 South. 207, among others. However, if from the language of the instrument the intention to create a conditional estate is clear and unequivocal, effect must be accorded that express purpose, unless to do so offends positive law or public policy. Hitt Lumber Co. v. Cullman Coal Co., supra. The construction of this deed is undertaken in the light of these conservative principles.

An owner in fee of real estate may convey an estate on condition. Code, § 3416, provides:

"Lands may be conveyed, within the limits fixed by law, so as to avoid perpetuities, and subject to such other restrictions as are imposed by this Code, for such terms as the owner thinks proper; and courts are enjoined to give effect in such cases to the intention and meaning of the parties."

In Gray v. Blanchard, 8 Pick. (Mass.) 284 —a deliverance approvingly quoted in Hitt Lumber Co. v. Cullman Coal Co., supra—it was said:

"Every proprietor of an estate has jus disponendi. He may grant it with or without condition; and if he grants it upon condition directly, the estate of the grantee will terminate with the breach of the condition, if the grantor chooses to avail himself of the forfeiture and enter for the breach."

[4] To grants of valid conditional fees the rule against perpetuities does not apply to defeat or to avoid the right of entry of the grantor or devisor and his heirs for breach of condition, at however remote a time the breach may occur. Tobey v. Moore, 130 Mass. 448; Hopkins v. Grimshaw, 165 U. S. 342, 355, 356, 17 Sup. Ct. 401, 41 L. Ed. 739; Cowell v. Springs Co., 100 U. S. 55, 57, 58, 25 L. Ed. 547; Gray on Perpetuities (2d Ed.) §§ 304–310. After criticizing the soundness of numerous decisions concluding in accordance with the doctrine stated, Gray concedes, at section 310 of his second edition, that—

The "great consensus of authority, although without any consideration of the question involved, may perhaps be held to settle the law for the United States, and to create in this country an exception, arbitrary though it be, to the rule against perpetuities."

To like effect are his observations at sections 304 and 306. That author, in his notes to sections 306, 307, lists as within the category of his quoted statement Henry v. Etowah County, 77 Ala. 538, and Carter v. Chaudron, 21 Ala. 72, 88, 90. The rule against perpetuities and the rule against the suspension of the power of alienation are the expressions of distinct conceptions that should not be confused. 21 R. C. L. p. 284, and notes.

[5, 6] This grantor, Winston, through the use of the phrase, in the granting clause "hath upon the conditions hereinafter mentioned," and through the further confirmatory phrase, as expressive of the grantee's covenant and agreement, that "this sale and conveyance shall hold good and valid *only* upon the compliance by the" grantee and "her lawful representatives with the following conditions" (italics supplied) conveyed to the grantee a *conditional fee only*, a defeasible estate, subject to divestiture upon breach of conditions. Carter v. Chaudron, 21 Ala. 72, 89, 90; Hitt Lbr. Co. v. Cullman Coal Co., 200 Ala. 415, 416, 417, 76 South. 347. The grantor's intent to convey a defeasible estate only is clear and unequivocal. His language leaves no doubt of his purpose in that respect. The opportunity as well as the occasion for construction is foreclosed by the plain terms employed. The words "lawful representatives" and "legal representatives," employed indiscriminately and in allusion to the three parties to the instrument, concerning realty only, refer, manifestly, to *heirs*, not to executors or administrators. 5 Words and Phrases, pp. 4070, 4075; 3 Words and Phrases (2d Ed.) pp. 75, 76. The material *conditions* to the grant, projected by express reference into the *granting clause*, are that neither the grantee nor her heirs would sell or lease the property, or any part of it, without the "written consent or approval of the parties of the first part," Winston and his wife and their heirs, and that, pending 90 days' notice of desire to sell the premises, the Winstons or their heirs were assured the option to repurchase for the price stipulated in the deed, or if lease was the purpose, pending 10 days' notice, the option to lease the premises, without stipulation as to price. Doubtless the proximity of the real estate conveyed to the dwelling of the Winstons (50 feet across the highway) inspired these conditions.

Consistent with the observations of Christiancy, J., in Mandlebaum v. McDonell, 29 Mich. 78, 88, 18 Am. Rep. 61, 68, that many restrictions or qualifications upon the rights of devisees or grantees may be validly interposed "by making the estate itself dependent upon such condition," the annotation to Latimer v. Waddell, 3 L. R. A. (N. S.) pp. 676, 677, contains many illustrations of this means by which offense to the rule against suspension of the power of alienation has been held to be avoided.

While it is usual to introduce in deeds conveying conditional fees a provision for reverter for breach of condition subsequent upon which the grant or estate is made to depend, the introduction of any express terms to that effect is not essential to the creation or preservation of the right to accomplish divestiture of the estate so conditionally granted or to accomplish its reinvestment in the grantor or his heirs. 8 R. C. L. pp. 1119, 1120; Fowlkes v. Wagoner (Tenn. Ch. App.) 46 S. W. 586, 589; Ball v. Milliken, 31 R. I. 36, 76 Atl. 789, Ann. Cas. 1912B, 30, 32, 37 L. R. A. (N. S.) 623; Thomas v. Record, 47 Me. 500, 74 Am. Dec. 500; 4 Kent, 123; Freeman's elaborate note, 44 Am. Dec. pp. 754–757. The terms employed in the granting clause, in restriction of the grant so as to convey a conditional fee only, together with the express provision restricting the validity of the conveyance to a compliance with the conditions prescribed, preclude any doubt of the grantors' intent that the estate granted should terminate upon breach of the conditions, and thereupon reinvest in the grantors or their heirs.

The instrument not being a grant in unqualified fee, but a grant of an estate defeasible upon breach of condition subsequent defined therein, the condition in restraint of alienation is not offensive to the rule against the suspension of the power of alienation stated in Hill v. Gray, 160 Ala. 273, 276, 49 South. 676. This condition is, as has been stated, not offensive to the rule against perpetuities.

It results that the decree below, affirming the validity of the condition restraining alienation except as permitted by the instrument, was well rendered.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.