(128 So. 604)

**HINTON et al. v. GILBERT et al.**

8 Div. 171.

Supreme Court of Alabama.

May 29, 1930.

[1] 220 Ala. 448.

310

R. M. Sims and A. G. Bates, both of Florence, for appellants.

W. H. Mitchell, of Florence, for appellees.

BROWN, J.

◼ The first question of controlling importance arises from the contention of appellants that the condition subsequent in the deed executed by Mrs. Hardin to herself and others as trustees, stipulating that, if the cestui que trust shall cease to exist, or shall fail to maintain on the premises conveyed a place of worship, the title shall revert to the heirs of the grantor, is obnoxious to the rule against perpetuities, as declared in section 6922 of the Code of 1923, and void. This is the rule of the English authorities. Dunn v. Flood, L. R. 25 Ch. D. 629; Lewis on Perpetuities, 616, 617.

But the rule established by the decisions of the American courts is that, when there is no limitation over in the grant or devise, and the grantor or devisor, or the heirs of either, claim the estate, not under the grant or devise, but because of the failure thereof, the estate, legal or equitable, as the case may be, reverts or results to him or them, and the rule against perpetuities is inapplicable.

Even when the first gift is strictly upon condition subsequent, requiring an entry on the part of the grantor or devisor, or his heirs, to revest the estate in him or them, the American courts have treated their title as unaffected by the rule against perpetuities. Hopkins v. Grimshaw, 165 U. S. 342, 355, 356, 17 S. Ct. 401, 41 L. Ed. 739; Cowell v. Springs Co., 100 U. S. 55, 25 L. Ed. 547; Tobey v. Moore, 130 Mass. 448; Libby v. Winston et al., 207 Ala. 681, 93 So. 631.

◼ The next contention of appellants is that the complainants' right to maintain the bill rests upon and grows out of an express trust, and is not subject to the statute of limitations. nor the doctrine of laches.

"It is a well established rule that the statute of limitations does not run as between

the trustee and the beneficiary of an express and continuing trust, so long as there has been no denial or repudiation of the trust. The reason for the rule is that the possession of the trustee is presumed to be the possession of the cestui que trust. As long as the relation of trustee and cestui que trust is admitted to exist, and there is no assertion of adverse claim or ownership by the trustee, lapse of time" is not a bar to relief. 17 R. C L. 70S, § 64; Glennon v. Harris, 149 Ala. 236, 42 So. 1003, 9 L. R. A. (N. S.) 214, 13 Ann. Cas. 1163; McCarthy v. McCarthy, 74 Ala. 546; Order of St. Benedict of N. J. v. Steinhauser, 234 U. S. 640, 34 S. Ct. 932, 58 L. Ed. 1512, 52 L. R. A. (N. S.) 459, Ann. Cas. 1917A, 463; Benedict v. City of New York, 250 U. S. 321, 39 S. Ct. 476, 63 L. Ed. 1005; Barnes v. Barnes, 282 Ill. 593, 118 N. E. 1004, 4 A. L. R. 4; Spallholz v. Sheldon, 216 N. Y. 205, 110 N. E. 431, Ann. Cas. 1917C, 1017, and note.

The bill alleges that the grantor, Mrs. Hardin, in the early part of the year 1917, entered upon the premises, took possession of the buildings thereon, locked them, and denied to the Christian Science Society of Florence and its members the right to use the property, and thereafter, on the 19th day of August, 1918, filed a bill in the circuit court of Lauderdale county against the other trustees to confirm her right of re-entry for conditions broken, and on the 31st day of May, 1919, obtained a final decree thereon, confirming her right of re-entry and declaring that the trust had failed; that from the time the grantor, Mrs. Hardin, took possession in the early part of 1917, she continued in the possession of said property, claiming adversely to the society, until her death in 1923, and thereupon her personal representative assumed possession of the property, holding it up to the filing of the bill on May 9, 1929, more than twelve years from the time Mrs. Hardin made a clear disavowal of the trust and denied the society and its members the right to use the property. This was such a disavowal and denial of the existence of the trust as to put in operation the statute of limitations. Glennon v. Harris, supra.

The facts showing delay appearing on the face of the bill, the question is properly presented by demurrer, Lovelace v. Hutchinson, 106 Ala. 417, 17 So. 623; and the demurrer was properly sustained, Richter v. Noll et al., 128 Ala. 198, 30 So. 740; Fowler v. Alabama Iron & Steel Co., 164 Ala. 414, 51 So. 393.

Taking the averments of the bill as true, there is no merit in the contention that the statute does not run when there is no one who has the right and capacity to sue, or where there is no one capable of being sued. When the grantor re-entered for alleged conditions broken, the bill avers that the Christian Science Society of Florence was then in exist-

ence, and, conceding the right of complainants to sue, any member of the society could have then sued, and certainly, if the heirs of the grantor, who is alleged to have violated the trust, are subject to be sued, she might have been sued. Underhill v. Mobile Fire Department Ins. Co., 67 Ala. 45.

There are no errors apparent on the record. Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.