77 So.2d 484

**Lenna HANNERS**

v.

**R. H. HANNERS et ux.**

**4 Div. 795.**

Supreme Court of Alabama.

Jan. 20, 1955.

L. A. Farmer, Jr., Dothan, for appellant.

Lawrence T. Oakley and S. P. Poyner, Dothan, for appellees.

SIMPSON, Justice.

Appeal from a decree sustaining the demurrer to a bill in equity. The bill sought cancellation of a deed on the ground of a breach of an alleged condition subsequent and in the alternative on the ground that a material part of the consideration was the support and maintenance of the grantor.

The granting clause of the deed gave to the grantees a fee simple absolute and following the description of the property conveyed was the following parenthetical clause:

> "The condition of this deed is as follows:—That R. H. Hanners and wife Marie Hanners [grantees], are to pay me [grantor] Two hundred dollars each year for rent of the land as long as I Mrs. Lena Hanners, lives. It is further agreed and made a condition of this deed that should R. H. Hanners die first the condition set forth in this deed become Void * * *."

The habendum vested a fee in the grantees, their "heirs and assigns forever." The deed contained the usual warranties of title.

The mere fact that the conveyance does not contain a divestiture and re-entry clause on breach of condition would not prevent it from operating as a condition subsequent, although it is customary that such a clause be in the deed and in a doubtful case its presence or absence would appear to be worthy of consideration. Libby v. Winston, 207 Ala. 681, 93 So. 631.

However, the policy of the law in this jurisdiction has been to disfavor a condition subsequent. Libby v. Winston, supra. And when doubt arises as to whether a particular provision is a condition or a covenant, the latter will be preferred. Zimmerman Mfg. Co. v. Daffin, 149 Ala. 380, 42 So. 858, 9 L.R.A.,N.S., 663.

Ruled by these principles, it cannot be said with that certainty which the law requires that the parenthetical clause above can be pronounced a condition subsequent.

But to pursue the matter further, there is another line of cases which we think also applicable to the question. It is well settled that if there is any conflict between the granting clause and any other,

the former will prevail. Henry v. White, 257 Ala. 549, 60 So.2d 149; Green v. Jones, 257 Ala. 683, 60 So.2d 857; Wright v. Smith, 257 Ala. 665, 60 So.2d 688; Long v. Holden, 216 Ala. 81, 112 So. 444, 52 A.L.R. 536. As stated, the granting clause purports to convey an absolute fee and if the parenthetical provision be interpreted according to the insistence of appellant the estate granted would be reduced to a conditional fee, thereby resulting that the former controls. Cases *ubi supra.*

While the deed is somewhat like the one considered in the case of First National Bank v. McIntosh, 201 Ala. 649, 650, 79 So. 121, 122, L.R.A.1918F, 353, where the provision was construed to be a condition subsequent, it is to be noted that the consideration expressed in the deed in the latter case was the support and maintenance of the grantor. The court there stated:

"* * * Though courts generally do not favor conditions subsequent in deeds of conveyance, yet this particular class of cases, involving an agreement by grantee to support grantor, is, in many jurisdictions, made an exception to the general rule, and, although the obligations in form rest in covenant, they are construed to rest in condition * * *."

When, however, as here, the consideration recited is the payment of a sum of money, the usual conservative rules of construction must apply and applying them to the case at hand, we are clear to the conclusion that the provision in the deed providing for the payment of $200 a year cannot be construed as a condition subsequent.

That aspect of the bill seeking to cancel the deed under § 15, Title 20 of the Code, on the ground that a material part of the consideration was the support and maintenance of the grantor must fail for insufficiency of allegations, whatever the substantive law on the question. The bill in that connection alleges:

"* * * prior to the execution of said deed, Plaintiff had rented the real estate described hereinabove to persons, other than the Defendants and had used said rental income for the support of herself; that, at the time of the execution of said deed, the Defendants agreed to pay to the Plaintiff Two Hundred Dollars each year during the balance of Plaintiff's life for the support of Plaintiff; * * * that said agreement by Defendants to pay said rent for the support of Plaintiff during her life was a material part of the consideration for the conveyance of said real estate by Plaintiff to Defendants; that the Defendants have failed and refused to pay to the Plaintiff said Two Hundred Dollars each year in accordance with said agreement * * *"

The bill wholly fails to allege that a material part of the consideration for the deed was the support and maintenance of the grantor for her life. It only alleges that the payment of the $200 a year was a material part of the consideration. Appellant cannot turn a promise to pay money into a promise to support and maintain merely because she intends to use the money for that purpose. The mere failure to pay the consideration is no ground to cancel a deed. Wilfe v. Waller, 261 Ala. 436, 74 So.2d 451.

We entertain the view the trial court ruled correctly in sustaining the demurrer to the bill.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and MAYFIELD, JJ., concur.