**328 So.2d 274**

**William SCHAEFERS, Jr.**

v.

**Edward H. APEL et al.**

**SC 1556.**

Supreme Court of Alabama.

Feb. 27, 1976.

Sherman B. Powell, Sr., Decatur, for appellant.

St. John & St. John, Cullman, for appellees.

JONES, Justice.

This is an appeal from a judgment which denied William Schaefers, Jr.'s bill to set aside a conveyance from Rosemary Schaefers Sandlin to Edward and Arthur Apel and voided, as an illegal restraint on alienation, a restrictive provision in a deed from Mary A. Schaefers to Rosemary Schaefers Sandlin. We affirm the denial of the bill to set aside the conveyance and modify the order declaring the restrictive provision void.

In 1961, Mary A. Schaefers divided her real property and conveyed it to her children, William Schaefers, Jr., Elfreda

Schaefers, Julienne Schaefers, and Rosemary Schaefers Sandlin. In 1974, Rosemary conveyed her portion of her mother's property to Edward and Arthur Apel. William Schaefers initiated this suit to set aside the Sandlin-Apel conveyance.

The 1961 deed from Mary A. Schaefers to Rosemary contained fee simple language in both the granting and habendum clauses, but it also contained a restrictive provision. Omitting the legal description of the property conveyed, the deed reads:

"STATE. OF ALABAMA<br>"CULLMAN, ALABAMA ⎱

CORRECTED<br>WARRANTY DEED

"KNOW ALL MEN BY THESE PRESENTS, That Mary A. Schaefers, a widow, for and in consideration of Ten Dollars, love, affection and other valuable consideration to her in hand paid by Rosemary Schaefers Sandlin, the receipt whereof is hereby acknowledged I have this date granted, bargained, sold, and conveyed, and do by these presents grant, bargain, sell, and convey to the said Rosemary Schaefers Sandlin, her heirs, administrators and assigns, the following described tract or parcel of land, to-wit:

"[Legal Description]

"As a part of the consideration the grantor reserves a life estate for herself in hand to the above described property.

"It is further mutually agreed by and between the grantor and the grantee that as a part of the consideration set out above, the grantee agrees to provide a permanent home for my daughter, Elfreda Schaefers, should she desire or request one and for my son, William Schaefers, Jr., should he desire or request one. However, it is further mutually agreed between the parties that the grantee herein is re-

quired only to furnish a permanent home for either Elfreda Schaefers, or William Schaefers, Jr., upon their request, however, this request and requirement will not and shall not apply to either of their dependents or spouse. Failure to perform the above will be considered a material breach of the consideration set out herein.

"TO HAVE AND TO HOLD unto her, the said Rosemary Schaefers Sandlin, her heirs, executors, administrators, and assigns, forever in fee simple. And I hereby covenant with the said Rosemary Schaefers that I am seized in fee of the aforegranted premises, and have the right to sell and convey the same, and I do hereby warrant the title to the aforegranted premises, and agree forever to defend the same from the lawful claims of all persons whomsoever.

"IN TESTIMONY of all which I have hereunto set my hand and seal this the 22nd day of November, 1961

"WITNESS:

s/ James F. Berry<br>    s/ Mary A. Schaefers    L.S.<br>        Mary A. Schaefers"

William contends that the 1974 conveyance to the Apels violates the restrictive provision of the 1961 deed. He claims that the provision manifests his mother's intention that he and Elfreda would retain for life the right to reside in the family house,

which is located on the property granted to Rosemary. (Elfreda, who now lives with Rosemary in another house, has granted Rosemary a quit claim deed and is not a party to this law suit.) William supports his contentions by arguing that the restric-

tive provision in the 1961 deed created a fee simple subject to a condition subsequent, and by conveying to the Apels, Rosemary has broken the condition.

The Apels argue that the restrictive clause is ambiguous since it conflicts with the fee simple language in both the granting and habendum clauses. They also contend that under the rule of construction of *Henry v. White,* 257 Ala. 549, 60 So.2d 149 (1952), the first clause in the deed, i. e., the grant of an absolute fee simple, prevails. Alternatively, they argue that, even if the restrictive provision is retained, it does not specify that the permanent home must be the old home place and since such a construction would operate as a restraint on alienation, it should not be found without a clear and unequivocal expression of intent.

█ We first address the defendants' argument that the rules of construction obliterate the restrictive provision. We follow the recent case of *Wilkins v. Ferguson,* 294 Ala. 25, 310 So.2d 879 (1975), which dealt with a fact situation similar to that of the instant case. *Wilkins* held that reservations or restrictions following a granting clause containing words of inheritance are not necessarily void. In that case, this Court also stated that the arbitrary construction rules, applied to inconsistent clauses in *Henry v. White,* supra, would not control when the intentions of the parties could be discerned from the instrument.

Following the *Wilkins* case, we find that Mary Schaefers did intend to solicit Rosemary's promise to provide a permanent home for William and Elfreda in consideration for the conveyance, and that the provision manifests that intention; therefore, it is not void. This finding brings us to the problems of determining the nature and operation of the provision.

█ To set aside the Sandlin-Apel conveyance, the plaintiff must prove that the restrictive provision is a condition subsequent. If the provision is a condition subsequent, it creates a right of entry in Mrs. Schaefers' estate which may be exercised by William for a condition broken. The right of entry is not subject to the rule against perpetuities in Alabama; therefore, it creates a cloud on title which will endure indefinitely. *Libby v. Winston,* 207 Ala. 681, 93 So. 631 (1922).

█ Thus, Alabama courts do not favor construing restrictive provisions in deeds of conveyance as conditions subsequent. And in cases where the intention of the grantor is not clear, this Court prefers to construe a restriction as a covenant—not to be confused with a covenant running with the land—rather than a condition subsequent. *Hanners v. Hanners,* 262 Ala. 143, 77 So.2d 484 (1955).

█ To be sure, this Court, as recognized in *Hanners,* has held that a restrictive provision expressing the consideration for a conveyance may constitute a condition subsequent. A conveyance of property made under such circumstances is not absolute, and the title thereto may be divested upon breach of the condition. This exception to the general rule disfavoring conditions subsequent is set forth in *First National Bank v. McIntosh,* 201 Ala. 649, 79 So. 121, L.R.A.1918F, 353. The restrictive provision in *McIntosh*—"[Grantee] shall take care of us . . . and . . . give us a home with her on said premises"—is materially different from the provision in the instant case as well as the provision in *Hanners.*

█ The restrictive portion in Mrs. Schaefers' deed to Rosemary makes no reference to the property conveyed as the permanent home which Rosemary is required to furnish, nor does it contain a divestiture or re-entry clause. Rather, it uses the language, "Failure to perform the above will be considered a material breach of the consideration." "[A] material breach of the consideration" connotes the remedy of damages, not the right of entry. Such a

drastic remedy as the divestiture of a fee simple estate must be expressed more precisely than this. Following the Alabama cases which hold that the intention to create a fee simple subject to condition subsequent must be clearly and unequivocally expressed (*Lowery v. May,* 213 Ala. 66, 104 So. 5 (1925)), we find that the restrictive language in the deed to Rosemary is a covenant in the nature of a personal obligation, not a covenant running with the land. We, therefore, affirm the trial Judge's order upholding the Sandlin-Apel conveyance and turn to the final issue for review—the interpretation of the restriction.

In his decree, the trial Judge held the restrictive provision of the 1961 deed void, finding that it did not specify that the permanent home would be on the property described, and that it did impede alienation. We agree that the restriction does not require the permanent home to be located on the property described; however, since we have held that the restriction is a covenant rather than a condition subsequent, we find no necessity to declare it void. The covenant to provide William a permanent home upon request does not impede alienation of the property because it does not state that the permanent home must be in the family homeplace or on any other part of the property conveyed by Mrs. Schaefers. The covenant, therefore, is not enforceable against the Apels or any subsequent grantees and constitutes no impediment to alienation because it does not "touch and concern" the land in question. See Cribbett, *Principles of Real Property* at 353 (1975). The covenant is merely a personal obligation from Rosemary to William to provide him a permanent home in some location if he requests one. Since William has made no request, Rosemary has not breached the covenant. The provision remains valid within this context.

The trial Judge's order, therefore, is modified to hold the restrictive provision of the deed valid insofar as it imposes upon Rosemary a personal obligation to provide William a home at his request.

AFFIRMED IN PART, MODIFIED IN PART, AND RENDERED.

HEFLIN, C. J., and MERRILL, MADDOX, and SHORES, JJ., concur.