393 So.2d 1007 (1980)
Joe A. SAXON
v.
Tucker JOHNSON and Audrey Johnson.
Civ. 2213.
Court of Civil Appeals of Alabama.
August 6, 1980.
As Corrected on Denial of Rehearing September 24, 1980.
*1009 Richard L. Taylor and J. Sherrill Hancock, Birmingham, for appellant.
Richard W. Bell, Pelham, for appellees.
HOLMES, Judge.
The plaintiffs sued the defendant, claiming damages for waste allegedly committed upon plaintiff's property. Defendant appeals from the denial of his motion for directed verdict. We reverse and remand.
The dispositive issue is whether a restrictive provision in the deed from plaintiffs to the grantors of defendant operated as a condition subsequent or as a personal covenant.
The record reveals the following: On June 25, 1974, the plaintiffs, Tucker and Audrey Johnson, entered into an agreement with Morris and Kathryn Honeycutt, calling for the sale of certain property to the Honeycutts. Under the agreement, the Honeycutts were to immediately begin making monthly payments on the mortgage encumbering the property and were also to pay the Johnsons $10,000 prior to January 1, 1975.
The agreement further provided that, should the Honeycutts either fail to pay any monthly mortgage notes or fail to pay the $10,000 prior to the execution of the deed conveying the property, the Johnsons would have the right to re-enter the property.
On January 3, 1975, the above referenced deed was executed. It provided in pertinent part:
That in consideration of One ($1.00) Dollar and other good and valuable considerations, and the assumption of the mortgage to Shelby County Savings & Loan Association of Columbiana, ... we, Tucker Johnson and wife, Audrey Johnson (herein referred to as grantors, do grant, bargain, sell and convey unto Morris Honeycutt and Kathryn Honeycutt (herein referred to as Grantees) for and during their joint lives and upon the death of either of them, then to the survivor of them in fee simple, together with every contingent remainder and right of reversion, the following described real estate situated in Shelby County, Alabama, to-wit:
. . . . .
The Grantees shall not sell, mortgage or encumber the within property until the mortgage herein assumed is paid and satisfied in full, and any conveyance without written approval of Grantors shall automatically mature the entire debt and must be paid forthwith, or the said Grantors shall have the right to demand immediate full payment, and if not paid, shall have the right to purchase said mortgage and foreclose on said property.
TO HAVE AND TO HOLD, to the said grantees for and during their joint lives and upon the death of either of them then to the survivor of them in fee simple, and to the heirs and assigns of such survivor forever, together with every contingent remainder and right of reversion.
Apparently, the provision concerning the mortgage was inserted because the mortgage covered not only the property conveyed but also other property owned by the Johnsons.
*1010 On August 21, 1975, the Honeycutts executed a quitclaim deed to defendant, Saxon, conveying the property in question. Saxon knew of the restriction in the Johnson to Honeycutt deed and the parties attempted to reach a settlement. However, difficulties arose, and in April of 1977, a dwelling house on the property was returned by Saxon to the Johnsons. Later that year, a service station on the property was also turned over to the Johnsons.
The Johnsons subsequently filed suit against Saxon, seeking to recover for waste to the dwelling house allegedly committed between August 21, 1975, the date of the Honeycutt to Saxon quitclaim deed, and April 1, 1977, the date Saxon relinquished the right to possession of the house. The Johnsons also brought an equitable action seeking to hold void the deed from the Honeycutts to Saxon. The equitable action, consolidated at trial, was subsequently dismissed, apparently being settled before the case went to the jury. The record does not disclose the terms of this settlement.
The learned and distinguished trial judge entered a pre-trial order in which it was agreed that the court was to decide certain issues. Among these was the following:
(a) whether the deed conveying the interest from Morris Honeycutt and Kathryn Honeycutt to Joseph Saxon is binding and valid or that it is null and void due to the restrictions contained in the language of the deed from the Plaintiffs to Kathryn and Morris Honeycutt;
At the conclusion of the evidence, Saxon moved for a directed verdict on the grounds that the evidence did not establish liability. This motion was overruled, as was a subsequent motion for judgment notwithstanding the verdict, or in the alternative, motion for new trial.
Defendant appeals, contending, inter alia, the trial judge committed reversible error in not granting the motion for directed verdict.
At the outset, we note that the motion for directed verdict is not a paragon of clarity. Rule 50(a), ARCP, states that in support of such a motion, specific grounds must be stated. As indicated, the relevant portion of the instant motion merely states the evidence did not establish liability. Such pleading is not favored, and in some instances, would not be sufficient to invoke appellate review. See, Ott v. Fox, Ala., 362 So.2d 836 (1978).
However, here the pre-trial order clearly made the effect of the restrictive provision in the Johnson-Honeycutt deed a material issue to be decided by the trial judge. Under such circumstances, it has been said, "[T]echnical precision is not necessary in stating grounds for the motion so long as the trial court is aware of the movant's position." Pruitt v. Pruitt, Ala., 343 So.2d 495, 500 (1976); United States v. Fenix and Scisson, Inc., 360 F.2d 260, 266 (10th Cir. 1966). Therefore, we proceed to review Saxon's contention, stressing that we do so only because the record discloses the trial judge was adequately apprised of the issue involved.
On Appeal, Saxon contends that the Johnson-Honeycutt deed conveyed a fee simple absolute, and, that in taking a quitclaim deed from the Honeycutts, he likewise acquired a fee simple in the property. He argues the restrictive provision in the Johnson-Honeycutt deed merely imposed a personal obligation upon the Honeycutts. That is to say, Saxon contends the provision did not operate as a condition subsequent, so that a breach thereof would result in a divestiture and reversion in the Johnsons. We agree.
We first note that it is now established that the true inquiry in construing a deed is to ascertain the intention of the parties, especially the grantor. If the intention can be ascertained from the entire instrument, resort to arbitrary rules of construction is not required. Schaefers v. Apel, 295 Ala. 277, 328 So.2d 274 (1976); Wilkins v. Ferguson, 294 Ala. 25, 310 So.2d 879 (1975).
Thus, courts no longer automatically apply the rule of construction found in such cases as Henry v. White, 257 Ala. 549, 60 *1011 So.2d 149 (1952), which requires that the first clause in the deed, granting an absolute fee simple and containing words of inheritance, prevail over reservations or restrictions in a subsequent clause. That is to say, such subsequent clauses are not necessarily void. Therefore, if the grantor does intend to solicit some promise in consideration for the conveyance, and the provision manifests that intention, the provision is to be given effect. Schaefers v. Apel, supra.
However, the question remains as to whether the provision is to be treated as a condition subsequent or as a personal covenant which does not run with the land. If the provision is a condition subsequent, the grantor can have a subsequent conveyance in violation thereof set aside, as it creates a right of entry which may be exercised for the condition broken. Schaefers, supra.
However, the policy in Alabama is to disfavor conditions subsequent. Thus, where the intention of the grantor is not clear, the courts prefer to construe the provision in question as a personal covenant, not as a condition. Hanners v. Hanners, 262 Ala. 143, 77 So.2d 484 (1955).
Furthermore, the intention to create a fee simple subject to condition subsequent must be clearly and unequivocally expressed. Lowery v. May, 213 Ala. 66, 104 So. 5 (1925). Therefore, although the absence of a divestiture and re-entry clause on breach of condition is not decisive, its absence is worthy of consideration. Libby v. Winston, 207 Ala. 681, 93 So. 631 (1922).
We would also note that where consideration moves to the grantor in the form of payment of money, the above referenced conservative rules of construction apply. Schaefers v. Apel, supra; Hanners v. Hanners, supra. Put another way, only when the restrictive provision itself expresses the consideration for the conveyance, i. e., the consideration is the grantee's promise to support and maintain the grantor, are the courts more likely to find a condition subsequent. See, First National Bank v. McIntosh, 201 Ala. 649, 79 So. 121 (1918).
Here, the Johnsons received $10,000 in consideration for the conveyance. Also, the Honeycutts assumed the outstanding mortgage. There is no divestiture and re-entry clause, much less a clearly expressed intent to create a condition subsequent. Additionally, the granting clause clearly conveyed to the Honeycutts all contingent remainders and rights of reversion. To this court, based upon the above, it is clear the provision was not a condition subsequent.
As indicated, this does not mean the restriction is necessarily void. Rather, it is a covenant by the Honeycutts wherein they agree not to sell without prior written consent. It further spells out remedies available to the Johnsons against the Honeycutts. Such a covenant is not enforceable against Saxon or subsequent grantees as it does not "touch and concern" the land in question. Cribbett, Principles of Real Property at 353 (1975). See, Schaefers v. Apel, supra.
The above considered, the Johnsons had no vested interest in either remainder or reversion during the years 1975 through 1977. It is axiomatic that the existence of such an interest is vital to the maintenance of an action for waste. See, Simms v. Greer, 83 Ala. 263, 3 So. 423 (1888); 93 C.J.S. Waste § 12. It only follows the motion for directed verdict was due to be granted.
In light of our resolution of this point, further issues raised by the parties need not be considered.
This case is due to be reversed and remanded.
REVERSED AND REMANDED.
WRIGHT, P. J., and BRADLEY, J., concur.

ON REHEARING
HOLMES, Judge.
Appellee, in brief in support of his application for rehearing, pointed out to this court that certain portions of the original record had been omitted. This omission has been appropriately corrected.
*1012 This court has carefully reviewed the corrected record. Furthermore, we have, with the corrected record in mind, perused our original opinion. We do not find the omitted portion of the record altered in any pertinent aspect what we held in the original opinion. However, the sentence in our original opinion which reads as follows: "The record does not disclose the terms of this settlement.", is deleted.
Appellee's application for rehearing is due to be and is denied.
OPINION CORRECTED; APPLICATION FOR REHEARING OVERRULED.
WRIGHT P. J., and BRADLEY, J., concur.