This is an appeal from a summary judgment in favor of the defendants, Fred Murphy, Willard Pienezza, W.G. O'Daniel, Lanier Y. Roton, Ernest C. Hornsby, and Auburn Federal Savings Loan Association. The plaintiff's father, a partner with the individual defendants, died intestate, leaving his partnership interest to his son, William Gary Robertson. On May 23, 1985, Robertson filed his complaint in the Circuit Court of Tallapoosa County, seeking to have the property sold, the proceeds to be divided to the partners according to their interests. On August 28, 1985, Auburn Federal Savings and Loan Association filed its answer. On September 11, 1985, all defendants filed a motion to dismiss, which was denied. On October 29, 1985, the individual defendants filed their answer and a motion for summary judgment. The trial court granted the motion for all defendants on December 3, 1985, hence, this appeal.
Robertson's father and the individual defendants owned land in fee simple in East Tallassee, Tallapoosa County, Alabama. They purchased the land on July 1, 1975. On October 31, 1975, the six partners entered *Page 181 
into a partnership agreement which provided that upon the death of any partner, the partnership did not terminate and that the heirs, executors, administrators, or assigns of any partner would be bound by the terms of the partnership agreement. The agreement also contained a preemptive right of first refusal, which gave the partnership a 90-day period in which to buy the interest of any partner desiring to sell. In 1979, Robertson's father died intestate and Robertson acquired his father's interest in the property. Robertson wanted to sell his interest. At no time did he offer his interest to the partnership. He filed his complaint seeking to have the property sold, without first asking for dissolution of the partnership or for an accounting of the partnership assets. On appeal he argues that the preemptive right of first refusal violates the rule against perpetuities, and, therefore, that he is not bound by its terms.
The common law rule against perpetuities was adopted by statute in Alabama in § 35-4-4, Code of Alabama (1975). "The common law rule against perpetuities provides that no interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest. J. Gray, The Rule Against Perpetuities § 201 (4th Ed. 1952)." Shaffer v. Reed, 437 So.2d 98, 99 (Ala. 1983). Robertson argues that the preemptive right of first refusal contained within the partnership agreement violates the rule in that it contains no reference to lives in being; therefore, he argues, it is for a period longer than 21 years and the rule is violated.
In a case substantially the same as the present case, the Supreme Court of Wyoming, in Hartnett v. Jones, 629 P.2d 1357
(Wyo. 1981), held that a preemptive right to purchase in a joint venture contract was not subject to the rule. In Wyoming, a joint venture is governed by the law of partnerships. The court cited and discussed Weber v. Texas Co., 83 F.2d 807 (5th Cir. 1936), cert. denied, 299 U.S. 561, 57 S.Ct. 23,81 L.Ed. 413 (1936); Oliner v. City of Englewood, 42 Colo. App. 106,593 P.2d 977 (1979); Robroy Land Co. v. Prather, 95 Wn.2d 66,622 P.2d 367 (1980), for the proposition that the rule did not apply with regard to preemptive rights. The opinion then gave an overview of the manner in which different states have avoided the application of the rule to preemptive rights:
 Other courts have found various ways to avoid the application of the rule against perpetuities to preemptive rights. Some have held that an option creates no interest in the land. E.g., Keogh v. Peck, 316 Ill. 318, 147 N.E. 266, 38 A.L.R. 1151 (1925). See generally, Gautier v. Lapof, Fla., 91 So.2d 324 (1956). Other courts have concluded that an option creates a vested interest in the property, and that since the interest is presently vested there is no reason to invoke the rule against perpetuities, which assumes a future vesting. E.g., Greenshields v. Warren Petroleum Corporation, 248 F.2d 61 (1957). See generally, Wall v. Minneapolis St. P. S.S.M. Ry. Co., 86 Wis. 48, 56 N.W. 367 (1893). Still other courts have concluded that an option is a personal right and not an interest in property. For that reason it is not inhibited by a rule relating only to real property. Dodd v. Rotterman, 330 Ill. 362, 161 N.E. 756 (1928); Weitzmann v. Weitzmann, 87 Ind. App. 236, 161 N.E. 385 (1928). See Mercer v. Lemmens, 230 Cal.App.2d 167, 40 Cal.Rptr. 803 (1964); Frissell v. Nichols, 94 Fla. 403, 114 So. 431
(1927). In still other jurisdictions the ratio decidendi has been that the option or preemptive right simply is an exception to the rule of perpetuities because it creates an estate on a condition subsequent to which the rule does not apply. Dozier v. Troy Drive-In Theaters, 265 Ala. 93, 89 So.2d 537 (1956); Hollander v. Central Metal Supply Co. of Baltimore City, 109 Md. 131, 71 A. 442 (1908).
Hartnett, 629 P.2d at 1362.
In reaching its decision that the preemptive right did not violate the rule against perpetuities, the Wyoming Supreme Court emphasized that the preemptive right did not restrict alienability, the goal of the rule: *Page 182 
 It does not inhibit alienation by the other party, but simply provides that there is a preferred right to buy at the market price if the other party desires to sell. The holder of the preemptive right cannot prevent the sale, and he must act promptly if the other party desires to sell.
Hartnett, 629 P.2d at 1363.
Although not identical to it, this case is similar toDozier v. Troy Drive-In Theaters, Inc., 265 Ala. 93,89 So.2d 537 (1956). Dozier dealt with a lease of land containing an option to purchase exercisable during the term after one year. The appellant in Dozier argued that such an option was violative of the rule in that no reference to a life in being was stated. The Court held that the option was an exception and not subject to the rule against perpetuities. It initially held that because the lease was for 20 years and not for more than 21, the rule was not invoked. However, the Court then held that even if the lease was for more than 21 years, the rule would not be violated. The rationale espoused by the Court in Dozier
is readily applicable to our present case:
 We apprehend that the court would not specifically perform a contract to execute a deed with a clause in it providing for a right to repurchase the land by the grantor on conditions and with stipulations which would violate the rule against perpetuities. Horticultural Development Co. v. Lark, 224 Ala. 193, 139 So. 229. But if the stipulation by which the grantor is to have the privilege of a repurchase on the occurrence of the condition named is a limitation on the fee to be conveyed, presently vested, it has been held by this Court that such a limitation does not violate the rule against perpetuities, for a conditional reservation presently vested is not subject to that rule although exercisable on a contingency. Libby v. Winston, 207 Ala. 681, 93 So. 631; Hinton v. Gilbert 221 Ala. 309, 128 So. 604, 70 A.L.R. 1192.
Dozier, 265 Ala. at 103-04, 89 So.2d at 546. The Wyoming court in Hartnett described Dozier as holding "that the option or preemptive right simply is an exception to the rule of perpetuities because it creates an estate on a condition subsequent to which the rule does not apply." Hartnett v.Jones, 629 P.2d at 1362. The Court in Dozier, partially relied upon the English courts for its pronouncement of the exception:
 It was first stated as the English rule in Birmingham Canal Co. v. Cartwright, (L.R.) 11 Ch.Div. (Eng.) 421. This was overruled in London and S.W. Co. v. Gomm, 20 Ch.Div. (Eng.) 562, see 162 A.L.R. 583. According to this last opinion the English rule is that an option reserved in a deed is subject to the rule against perpetuities. But we are standing by the principle first stated in England in the Cartwright case, supra, that the reservation of a right to repurchase creates a conditional fee, and is a presently reserved vested right in the grantor, although its exercise is dependent on a future contingency.
 In that connection our case of Hinton v. Gilbert, [221 Ala. 309, 128 So. 604], is reported in 70 A.L.R. 1192 as a leading authority, and our case of Libby v. Winston, supra, is noted as supporting it. These cases are based upon a construction of the instrument as conveying a conditional fee, thereby reserving a right which never passed from the grantor but [was] exercisable on a contingency. Therefore, both the grantor and grantee have an interest in the fee which they can convey and thereby relieve the property of the exemption from trade which the rule seeks to prohibit. These cases have created a rule of property in this State which we should uphold.
265 Ala. at 104-05, 89 So.2d at 547.
"The avowed object of the rule is to favor commerce and the circulation of property by preventing the right of absolute disposition from being tied up or restrained beyond a certain period." Lyons v. Bradley, 168 Ala. 505, 53 So. 224 (1910). As pointed out by the Supreme Court of Wyoming, preemptive rights do not inhibit the alienability of property. See Hartnett,supra. Therefore, the rights are not contrary to the main objective of the rule. Based on *Page 183 
the analysis of the Court in Dozier, supra, the preemptive right to repurchase created a conditional fee and this right is vested and presently reserved in the pre-emptioner. The preemptive right of first refusal as found in the partnership agreement is excepted from the rule against perpetuities. Therefore, plaintiff's claim fails and the trial court correctly granted summary judgment.
For the reasons set forth, the judgment of the trial court is due to be affirmed.
AFFIRMED.
JONES, SHORES, HOUSTON and STEAGALL, JJ., concur.